**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SHANNON LEON WILKINS,

*Defendant-Appellant.*

No. 02-4600

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-01-70083)

Submitted: January 23, 2003

Decided: February 5, 2003

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Stacey W. Moreau, WILLIAMS, MORRISON, LIGHT & MOREAU, Danville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Shannon Leon Wilkins appeals the district court's judgment of conviction for the commission of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (2000), mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (2000), bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (2000), identity theft, in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 2 (2000), and social security offenses, in violation of 42 U.S.C. § 408(a)(7)(B) (2000). Wilkins was sentenced to forty months imprisonment, five years of supervised release, and was ordered to pay restitution to the victims of his fraudulent activities.

On appeal, Wilkins argues that the district court improperly instructed the jury as to "reasonable doubt," improperly denied his motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, and improperly increased his offense level for obstruction of justice based on perjury before the grand jury. We find each of these arguments meritless.

We find Wilkins's argument that the district court rejected his proposed jury instruction as to "reasonable doubt" to be without merit because Wilkins failed to meet the criteria set forth in *United States v. Lewis*, 53 F.3d 29, 32 (4th Cir. 1995). We conclude that the instruction given by the district court substantially mirrored the instruction proffered by Wilkins. In addition, Wilkins failed to show that there was a reasonable likelihood that the jury applied the reasonable doubt standard in an unconstitutional manner. *See United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998) (citing *Victor v. Nebraska*, 511 U.S. 1, 5 (1994)).

Furthermore, we find Wilkins's argument that the district court improperly denied his motion for a judgment of acquittal to be without merit. Viewing the evidence produced at trial in the light most favorable to the Government, we find that any rational trier of fact could have linked Wilkins to the offenses beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). Indeed, the evidence introduced against Wilkins was overwhelming.

Finally, we find Wilkins's argument that the district court erred by increasing his offense level for obstruction of justice based on perjury to be without merit. The determination of whether a defendant committed perjury is a factual issue to be reviewed for clear error. *See United States v. Wilson*, 198 F.3d 467, 471 (4th Cir. 1999); *United States v. Murray*, 65 F.3d 1161, 1165 (4th Cir. 1995). Because we find that the district court did not clearly err by finding that Wilkins knowingly gave false testimony before the grand jury concerning material matters, we find that the district court did not err by increasing Wilkins's offense level for obstruction of justice.

Accordingly, we affirm Wilkins's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*