[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2010
JOHN LEY
ACTING CLERK

No. 09-13938
Non-Argument Calendar

_____

D. C. Docket No. 08-00364-CR-1-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON LEON WILKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 4, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

In United States v. Wilkins, 58 Fed.Appx. 959 (4th Cir. 2003), the Fourth

Circuit affirmed appellant's multiple convictions for fraud–mail fraud, bank fraud, identity theft–and for social security offenses. The court also affirmed the prison sentences appellant received, which totaled forty months, with a five-year term of supervised release.

After she was released from prison and was serving her term of supervised release, jurisdiction over her case was transferred from the Western District of Virginia to the Northern District of Georgia. On April 2, 2009, the U.S. Probation Office in that district petitioned the district court for an order to show cause why her supervised release should not be revoked on several grounds. The order to show cause issued, and the district court held a revocation hearing on July 22. At the conclusion of the hearing, the court revoked the term of supervised release and sentenced appellant to prison for eight months. She now appeals that sentence, contending that it is procedurally and substantively unreasonable.

Appellant argues that her sentence is procedurally unreasonable because the district court failed to calculate her Guidelines sentence range or mention the statutory penalties. She notes that she and the Government informed the court that the sentence range was four to ten months' imprisonment, but argues that the court never adopted or rejected this calculation. She analogizes her case to that of the defendant in *United States v. Campbell*, 473 F.3d 1345 (11th Cir. 2007). She

points out that, in *Campbell*, we found that the district court erred during the revocation hearing in failing to mention the Guidelines, even though the parties informed the court of the applicable Guidelines sentence range.

We review "the sentence imposed upon the revocation of supervised release for reasonableness." *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). "For sentences imposed upon revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time the defendant originally was sentenced to the term of supervision." *Campbell*, 473 F.3d at 1348-49. "[B]ecause the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing range established under the Guidelines." *Id.* at 1349 (quotations and citations omitted).

In *Campbell*, we were unable to review a sentence imposed upon revocation of supervised release because: (1) "the district court never explicitly mentioned Campbell's advisory Guidelines range during the revocation hearing;" and (2) "the district court never mentioned the criminal classification of the crime for which Campbell's supervised release was revoked." *Campbell*, 473 F.3d at 1349. We

3

noted that the only mention of the Guidelines was when defense counsel stated that the Guidelines sentence range was "21 months and up," and the government noted that a twenty-four months' sentence was "within the guideline range." *Id.* at 1349 n.2. We thus concluded that we could not determine from the record whether the court considered the applicable Guidelines sentence range. *Id.* at 1349.

Appellant and the Government correctly informed the district court of the applicable sentence range during the supervised release revocation hearing. Appellant even acknowledged that the court was aware of the applicable range, when she noted that "[t]he sentencing guidelines here are four to ten months as the court knows[.]" When the Government dismissed the remaining violations from the probation officer's ("PO") petition for revocation, the court asked whether this dismissal affected appellant's Guidelines sentence range. Thus, unlike in *Campbell*, the record reveals that the district court "was aware of and considered the Guidelines" and "consider[ed] the sentencing *range* established under the Guidelines." *Campbell*, 473 F.3d at 1348-49. Accordingly, appellant's sentence is procedurally reasonable.

Appellant argues that her sentence is substantively unreasonable because she committed only minor violations of the terms of her supervised release. She notes that she "performed admirably" for over four years of her supervised release as she

4

did not commit new crimes, fail drug tests, abscond from supervision, or fail to pay restitution to the victims of her crimes. She adds that she admitted her violations to the court, and that, in light of the 18 U.S.C. § 3553(a) sentencing factors, her sentence is "much too harsh."

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The factors that a district court must consider in sentencing a defendant after a revocation of supervised release include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to deter criminal conduct, to protect the public from the defendant's further crimes, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing guideline range; (4) any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to victims of the offense. *See* 18 U.S.C. §§ 3553(a) and 3583(e). Appellant has the burden of establishing that her sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Although a sentence within the advisory Guidelines sentence range is not *per se* reasonable, we ordinarily expect such a sentence to be

5

reasonable. *Id.* at 787-88. We remand if the district court has "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297-98 (11th Cir. 2007).

Here, the district court sentenced appellant to a term within her sentence range, after considering facts that relate to the § 3553(a) factors, and such her sentence is ordinarily expected to be reasonable. *See Talley*, 431 F.3d at 788. In her brief, she argues that she only committed minor violations of the terms of her supervised release. However, she potentially committed a federal offense by falsifying information on her monthly report to her probation officer. *See* 18 U.S.C. § 1001 (criminalizing the falsification of information in any matter within the jurisdiction of the judicial branch).

Appellant also argues that her status as a transgendered individual renders the sentence unduly harsh. The Government, however, informed the court that the Bureau of Prisons would provide her with the proper medical treatment if she were placed in custody. She informed the court about her distress at being placed in isolation, but also noted that the prison took such action for her safety. Thus, despite her argument that her sentence is unduly harsh, the record nevertheless does not show that the court committed a clear error of judgment in weighing the

6

factors. *McBride*, 511 F.3d at 1297-98. Accordingly, the sentence is substantively reasonable.

AFFIRMED.