[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12281
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 93-00213-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERRY SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 12, 2010)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Gerry Sanders appeals his 18-month sentence imposed for violating the terms of his supervised release by committing a new crime, 18 U.S.C. § 3583. Sanders asserts (1) the district court failed to elicit any objections to its findings of fact and conclusions of law following the imposition of his sentence, and (2) his sentence is procedurally and substantively unreasonable. After review, we affirm Sanders' sentence.

## I.

Sanders contends his sentence should be vacated and his case remanded to allow the parties to articulate their objections because the record is insufficient for this Court to engage in meaningful review of Sanders' sentence.[1]

After imposing sentence in a supervised release revocation hearing, a district court should elicit fully-articulated objections to the court's findings of fact, conclusions of law, and the manner in which the sentence was imposed. *United States v. Campbell*, 473 F.3d 1345, 1346, 1348 (11th Cir. 2007) (holding the court has not elicited fully articulated objections when it merely asks if there is "anything else?" and neither party responds with objections). Where a district

---

[1]Ordinarily, we review a sentence imposed following the revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). However, when the district court fails to elicit objections after imposing sentence, we will consider *de novo* the legality of the sentence imposed. *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007).

court fails to elicit objections after imposing a sentence, we will vacate the sentence and remand to the district court to give the parties an opportunity to present their objections, unless the record on appeal is sufficient to enable review. *Id.* at 1347.

Further, in a revocation of supervised release case, the court must consider the applicable sentencing range. *Campbell*, 473 F.3d at 1348. However, "because the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines[.]" *Id.* at 1349 (citation and quotation omitted). We held the record was insufficient for meaningful appellate review where the district court never mentioned the Guidelines range or the criminal classification of the violation on which the revocation and, in turn, the Guidelines range, was based. *Id.* at 1349.

Because the district court merely asked whether there was "anything further?" after imposing Sanders' sentence, the district court failed to elicit fully-articulated objections. *See Campbell*, 473 F.3d at 1348. However, unlike in *Campbell*, the record is sufficient to establish the district court was aware of and considered the Guidelines range. After the Government informed the court the Guidelines range was 6-12 months, the court confirmed both the statutory

maximum and the Guidelines range. Moreover, as discussed below, the record on appeal is otherwise sufficient to enable us to review Sanders' sentence. Therefore, we will not remand for resentencing.

II.

Sanders also asserts his sentence is procedurally and substantively unreasonable because the district court gave no explanation for why it imposed an above-Guidelines sentence.[2]

There is no requirement the district court explicitly discuss its consideration of each of the § 3553(a) factors on the record, as long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (citation omitted). However, where the district court sentences the defendant outside of the Guidelines, it commits a procedural error if it fails to adequately explain why it has done so. *Id.*; 18 U.S.C. § 3553(c)(2).

The district court's comments during the sentencing hearing reflect its consideration of several of the § 3553(a) factors and its reasoning for imposing an above-Guidelines sentence. The district court commented that Sanders' instances

[2]The procedural and substantive reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009).

4

of domestic violence were more than "scratches and bruises," noted domestic violence was a particularly insidious crime, and recited Sanders had been arrested three times for domestic violence and pled guilty twice. These comments are relevant to a consideration of both the nature of the offense and the history and characteristics of the defendant. The court's comment Sanders needed to be punished for his most recent act of domestic violence indicates these considerations were relevant to its determination of a reasonable sentence. The record also reflects the district court did consider the Guidelines range and statutory maximum. Finally, the court's recommendation Sanders receive mental health treatment reflects its consideration to provide Sanders with needed medical care. Because the record reflects the district court considered several of the relevant § 3553(a) factors, its explanation for Sanders's above-Guidelines sentence was not an abuse of discretion. Accordingly, we affirm.

**AFFIRMED.**