[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10832
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00063-JA-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE M. LOPES,
a.k.a. Andre Leotti,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 24, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Andre M. Lopes appeals his ten-month sentence, imposed following his revocation of supervised release pursuant to 18 U.S.C. § 3583(e).  Lopes originally pled guilty in 2006 to crack cocaine offenses, and received a total sentence of 97 months' imprisonment, followed by 4 years of supervised release.[1] In May 2010, the district court revoked his supervision and returned him to prison for eight months. In January 2012, the court revoked Lopes's supervised release for a second time and returned him to prison for ten months, to be followed by an additional two years of supervised release. On appeal, Lopes argues that the district court abused its discretion by imposing a revocation sentence that was both procedurally and substantively unreasonable.

We review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  We examine the reasonableness of a defendant's sentence under a "deferential abuse-of-discretion standard," under which a district court's decision will not be disturbed unless that court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that

---

[1] Following a grant of relief pursuant to 18 U.S.C. § 3582(c)(2), the district court reduced Lopes's custodial sentence to "time served" in 2008.

2

are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (quotations omitted).

Based on the sentencing record, we conclude Lopes's sentence is procedurally reasonable. The district court fulfilled its obligation to consider Lopes's sentencing range established under the Guidelines. *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007). The district court also considered the parties' arguments, which encompassed a number of pertinent 18 U.S.C. § 3553(a) factors, including Lopes's reform efforts or lack thereof, his criminal history, and the need to provide him with treatment, deter future criminal conduct, and protect the public.

We conclude that Lopes's sentence is substantively reasonable based on the district court's consideration of the 18 U.S.C. § 3553(a) factors. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (quotation omitted) ("We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment."). Contrary to Lopes's assertion on appeal, there is nothing to suggest that the court placed undue emphasis on his criminal history. We see no reason to disturb the district court's decision that a sentence at the high end of the Guidelines was appropriate for a

defendant who, like Lopes, chose to continue to commit new crimes on successive occasions shortly after his release from federal custody.

**AFFIRMED.**