[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10503
Non-Argument Calendar
_____

D.C. Docket No. 4:01-cr-00034-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHAD EDWARD RIVERS,
a.k.a. Rashawn Johnson,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 13, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rashad Rivers appeals his 50-month sentence, imposed following the

revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e)(3).  On

appeal, he argues that his sentence is substantively unreasonable because his advisory guideline range was based on a criminal history category that overstated his criminal history.  For the reasons set forth below, we affirm Rivers's sentence.

I.

In 2001, Rivers pled guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a) and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Based on his prior convictions, which included juvenile offenses, and the fact that Rivers committed his instant offenses while on probation, the presentence investigation report ("PSI") assigned him ten criminal history points, which resulted in a criminal history category of V. Based on a total offense level of 19 and a criminal history category of V, Rivers's guideline range was 57 to 60 months' imprisonment as to the drug count with a mandatory 60-month consecutive sentence as to the firearm count.  Among other things, Rivers objected to his criminal history category because it overrepresented his criminal history.  At the sentencing hearing, in support of his motion for a downward departure, Rivers argued that he should not qualify for a criminal history category of V because he had no prior felony convictions and several of his prior offenses were juvenile traffic and noise violations.  The district court denied the request and imposed a 117-month sentence, consisting of a 57-month sentence

2

as to the drug count with a consecutive 60-month sentence as to the firearm count. The court also imposed a five-year term of supervised release.

In May 2010, the government filed a petition for revocation of Rivers's supervised release based on charges that he had violated the terms of his release by committing another crime and by illegally possessing a controlled substance. The petition noted that Rivers's term of supervised release had commenced on March 16, 2010. Approximately two months later, on May 14, 2010, Rivers was involved in a traffic stop during which police discovered marijuana behind the passenger's seat, and he was charged with possession with intent to distribute marijuana.

At the revocation hearing, Rivers admitted violating the terms of his supervised release. Rivers again challenged his criminal history category, arguing that he had no prior felony convictions and most of his prior convictions were for juvenile traffic and noise violations. Rivers thus argued that a criminal history category of V overrepresented his criminal history. The government requested a sentence within the guideline range of 46 to 57 months' imprisonment.

Ultimately, the court imposed a 50-month total sentence, consisting of a 24-month sentence as to the drug count and a 50-month sentence as to the firearm count, to be served concurrently. In explaining its reasons for Rivers's sentence, the court stated:

I see him spending all of his life in prison.  And society will probably be better off, because he is not going to live within the confines.  He has never done anything but drug dealing, and tangled with the police.

So as long as he does, I will warehouse him.  It is sad, sad to everybody that a young life is thrown away.  But he had certain choices, and he still has them.  But I see nothing that makes me believe that he will ever turn around here.  It took him two months [after his release from prison] to be caught this time.  And he probably went into it from almost the day he got out.  That will happen again.  I won't waste any tears over []Rivers.  I am [] concerned about society.

The court found that a criminal history category of V did not overrepresent Rivers's criminal history.  Specifically, Rivers had a significant criminal history, beginning at age 15, including 3 prior misdemeanor convictions for marijuana possession, 2 false statements to police in applying for a license, and a probation revocation.  Further, the court emphasized that Rivers became involved in criminal activity less than two months after beginning his supervised release.

## II.

We review a district court's interpretation of the Sentencing Guidelines *de novo*.  *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009).  Further, "[w]e may decline to address an argument where a party fails to provide arguments on the merits of an issue" in his appeal brief.  *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006).  "For sentences imposed upon revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history

4

category applicable at the time the defendant originally was sentenced to the term of supervision." *United States v. Campbell*, 473 F.3d 1345, 1348-49 (11th Cir. 2007). If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted. U.S.S.G. § 4A1.3(b)(1). We, however, lack jurisdiction to review the denial of a downward departure, except to the extent evidence exists that the district court misunderstood its authority to depart. *United States v. Winingear*, 422 F.3d 1241, 1245-46 (11th Cir. 2005).

We review the reasonableness of a sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging a sentence bears the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

We review the substantive reasonableness of a sentence in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788. When revoking a defendant's

5

term of supervised release, § 3583(e) instructs courts to consider certain § 3553(a) sentencing factors in determining an appropriate sentence.  *See* 18 U.S.C. § 3583(e).  Specifically, sentencing courts must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need to adequately deter criminal conduct, (3) the need "to protect the public from further crimes by the defendant," (4) the need "to provide the defendant with educational or vocational training, medical care, or other correctional treatment," (5) the applicable sentencing range, (6) any pertinent policy statements of the Sentencing Commission, (7) the need to avoid unwarranted sentencing disparities, and (8) "the need to provide restitution to any victims."  *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).  Ordinarily, we expect a sentence within the guideline range to be reasonable. *Talley*, 431 F.3d at 788.

As an initial matter, in his appeal brief, Rivers does not argue that the district court should have departed downward below the applicable guideline range pursuant to § 4A1.3(b)(1) because his criminal history category overrepresented his criminal history.  Instead, he merely argues that the properly calculated guideline range yielded an unreasonable sentence because his criminal history category overstated his criminal history.  Thus, he has abandoned an argument that the district court should have granted a downward departure under § 4A1.3(b)(1).

*See Gupta*, 463 F.3d at 1195. Regardless, we lack jurisdiction to review the district court's refusal to depart below the advisory guideline range because the parties do not dispute that the district court recognized its authority to depart downward. *See Winingear*, 422 F.3d at 1245-46.

Further, Rivers fails to demonstrate that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. *See Talley*, 431 F.3d at 788. Rivers's 50-month sentence was imposed within the advisory guideline range of 46 to 57 months, and we ordinarily expect such a sentence to be reasonable. *See id.* Additionally, Rivers has shown a disregard for the laws of the United States not only by committing the underlying crimes in this case while he was already on probation, but also by violating his supervised release within two months of being released from serving a significant prison sentence. Thus, a sentence within the guideline range was necessary to protect the public and deter Rivers from future criminal activity, and further, the sentence was also appropriate based on Rivers's history of criminal activity and the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C). Although Rivers argues that his criminal history was overstated, the sentence met the goals of § 3553(a) based on the circumstances that led to the revocation. As such, the court did not commit a clear error of judgment in weighing the factors. *Pugh*, 515 F.3d at 1191.

For the foregoing reasons, we affirm Rivers's sentence.

7

**AFFIRMED.**