[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11691
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cr-60178-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO HERRADA CORDOVA,
a.k.a. Ernesto Herrada,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 17, 2013)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Ernesto Herrada Cordova appeals his sentence imposed by the district court, following the revocation of his supervised release based on three Florida state convictions.  At sentencing, Cordova requested that the district court mitigate his sentence on the basis that he had served 17.5 months in state custody for his offenses underlying his violations of supervised release.  The district court revoked his supervised release and sentenced him to ten months' imprisonment.

On appeal, Cordova argues that his sentence is procedurally unreasonable because the court failed to adequately explain the chosen sentence.  He contends that the court did not offer an explanation for why it intended to sentence him at the high end of his guideline range.  Cordova also argues that his sentence is substantively unreasonable because the district court failed to account for the sentences that he served for his underlying state offenses.

We review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  The sentence is primarily intended to punish the defendant's breach of his supervised release and is to be imposed consecutive to any sentence received for the substantive offense underlying the violation.  U.S.S.G. Ch. 7, Pt.A, comment. (3(b)).

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release based upon a preponderance of the evidence showing that a

2

defendant has violated a condition of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). The § 3553(a) factors that a court must consider in revoking supervised release include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e); *see* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). The weight to be given to any § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Further, because the Guidelines have always been advisory for revocation sentences, only some indication that the district court was aware of and considered the Guidelines is necessary. *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007).

Section 3583(e)(3) sets maximum terms of imprisonment that may be imposed when a defendant's term of supervised release is revoked. 18 U.S.C.

3

§ 3583(e)(3).  Where the original offense of conviction is a class C felony, a defendant whose supervised release has been revoked may not be sentenced above 24 months' imprisonment.  *Id.*

We conclude from the record that the district court adequately articulated its reasons for choosing Cordova's sentence by stating its concern with the escalating nature of his offenses and its belief that he showed a disregard for the law.  *See Campbell*, 473 F.3d at 1349.  The court believed that these factors warranted a high-end guideline sentence, but credited Cordova with his time served in state custody and imposed a sentence of ten months' imprisonment.  Similarly, we conclude that the district court was within its discretion in determining how much weight to afford Cordova's state sentences, and the commentary to the Sentencing Guidelines provides that any sentence imposed following the revocation of supervised release is intended to be applied in addition to any sentences imposed for the underlying violations.  *See Clay*, 483 F.3d at 743; U.S.S.G. Ch. 7, Pt.A, comment. (3(b)).  Accordingly, because Cordova's ten-month sentence is reasonable, we affirm it.

**AFFIRMED.**