[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15365
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00005-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN MOSELY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 7, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Mosely appeals the 14-month sentence imposed by the district court

pursuant to 18 U.S.C. § 3583(e)(3) following the second revocation of his

supervised release.  Mosely argues that his sentence is procedurally unreasonable because the district court failed to consider the advisory guideline range and other 18 U.S.C. § 3553(a) factors before imposing sentence.  After careful review of the record and the parties' briefs, we affirm.

In August 2010, Mosely pleaded guilty to theft from a federal firearm licensee and was sentenced to 24-months imprisonment to be followed by three years of supervised release.  After his release from prison, the district court revoked Mosely's supervised release in October 2012 because he admitted using a controlled substance and associating with a person engaged in criminal activity.  The district court sentenced him to six-months imprisonment to be followed by two years of supervised release.  Shortly after he was released from that term in prison, on August 16, 2013 Mosely's probation officer petitioned to revoke his supervised release again, stating that Mosely possessed a controlled substance, associated with people engaged in criminal activity, and associated with a convicted felon without permission.

At his revocation hearing Mosely admitted the violations in the petition.  The district court noted that this was the second time in 12 months that Mosely had been in court for using illegal drugs.  After hearing from Mosely, the district court told him that he sounded sincere, but found that his actions spoke "even louder."  The district court sentenced Mosely to 14-months imprisonment to be followed by

2

16 months of supervised release.  After imposing the sentence, the district court stated:  "The Court, of course, prior to entering the sentence, has considered the Sentencing Commission Chapter 7 policy statements."  Neither party objected to the district court's findings of fact or conclusions of law.

Mosely's written judgment stated that the sentence was "imposed pursuant to the Sentencing Reform Act of 1984," and described Mosely's underlying plea and sentence, his first release revocation and sentence, and the facts underlying the revocation at issue here.  The district court also stated Mosley was "forthright [in] accepting responsibility for his criminal associations and possession of marihuana. The Court notes that the defendant's admission and apology seem sincere; however, the defendant's conduct under supervision is what the Court must consider."  The judgment stated that the court had imposed sentence "after considering the Chapter Seven Policy Statements."

Because Mosely did not object to any procedural deficiencies before the district court, our review is for plain error.  See United States v. Rodriguez, 627 F.3d 1372, 1380 (11th Cir. 2010).  Establishing plain error requires a demonstration of error that is plain that affected both substantial rights and the fairness of the judicial proceedings.  Id.  The defendant bears the burden of showing prejudice.  United States v. Rodriguez, 398 F.3d 1291, 1299–300 (11th Cir. 2005).

In reviewing the procedural reasonableness of a sentence, we examine whether the district court considered the § 3553(a) factors and adequately explained the chosen sentence.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  A district court is not required to discuss on the record each of the § 3553(a) factors.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).  An acknowledgment that it has considered the factors together with the parties' arguments is sufficient.  Id.

Upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a term of imprisonment after considering:  (1) the applicable guideline range; (2) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the need for the sentence imposed to afford adequate deterrence, protect the public, and effectively provide the defendant with needed training, medical care, or other correctional treatment; (4) the applicable Sentencing Commission policy statements; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution.  18 U.S.C. §§ 3553(a), 3583(e); see also United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007) (per curiam).

Mosely has not shown that the district court committed an error that was plain during his sentencing.  The district court explicitly discussed Mosely's

4

history, the circumstances of his violation, and the arguments of the parties.  It also stated that it had considered the "Chapter 7 policy statements," which include the § 3553(a) factors and the advisory guideline range.  Given this record and our precedent, the district court sufficiently explained its sentence.  See Gonzalez, 550 F.3d at 1324.  Further, Mosely has cited no authority for his argument that district courts must acknowledge the Chapter 7 policy statements before handing down a sentence, and we have found none.

In any event, Mosely has not established that, but for the district court's failures to state his guideline range and provide more references to the sentencing factors, there is a reasonable probability he would have received a lower sentence. See United States v. Cartwright, 413 F.3d 1295, 1300–01 (11th Cir. 2005) (per curiam); Rodriguez, 398 F.3d at 1299–300.  Mosely's prison sentence was statutorily valid, as he was eligible for a release-revocation sentence of up to two-years imprisonment.  See 18 U.S.C. §§ 924(i)(1), 3559(a)(3), 3583(e)(3).  His 14-month sentence was a 5-month upward variance from the top of his guideline range.  See USSG §§ 7B1.1(a)(3), 7B1.4(a).  Because the effect of any alleged procedural deficiencies during Mosely's sentencing is at best uncertain, he has not met his burden of establishing prejudice under plain error review. See Cartwright, 413 F.3d at 1300–01; Rodriguez, 398 F.3d at 1299–300.  Therefore, we affirm Mosely's sentence.

**AFFIRMED.**