[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10988
Non-Argument Calendar
_____

D.C. Docket No. 3:00-cr-00010-TCB-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER MAKKAH FARAHKAN,
a.k.a. Dexter Demond Young,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 4, 2014)

Before TJOFLAT, JORDAN and ANDERSON , Circuit Judges.

PER CURIAM:

On November 9, 2000, Dexter Makkah Farahkan, f/k/a Dexter Demond Young, pursuant to a plea agreement, pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. 841(a)(1), and on March 30, 2001, the district court sentenced him to prison for a term of 170 months to be followed by supervised release for a term of five years.  The court subsequently reduced the prison term to 136 months pursuant to 18 U.S.C. § 3582(c).

On December 123, 2013, the district court issued a warrant for Farahkan's arrest based on the probation office's petition charging him with violating the terms of supervised release by engaging in criminal conduct.  At a revocation hearing held on February 20, 2014, Farahkan did not contest that he had been charged in Georgia state court with aggravated battery, that the charge was still pending, and that, as a result of the charge, he had violated the conditions of his supervised release.  After considering the statements of the parties, the record, and the 18 U.S.C. § 3553(a) sentencing factors, the district court revoked Farahkan's supervised release and sentenced him to 18 months' imprisonment and 12 months' supervised release.[1]

Farahkan appeals the sentence, contending that it is substantively unreasonable in light of the § 3553(a) factors, 18-months' incarceration is greater than necessary to meet the goals of deterrence and punishment given that the

---

[1]  The parties agreed that the Sentencing Guidelines called for a sentence of imprisonment in the 24 to 30 months' range.

victim, his girlfriend, admitted to instigating the incident that led to his arrest.  He also contends that the sentence was impermissibly retributive and that because he had already completed a four-years' term of supervised release, an additional term of supervised release is unnecessary and substantively unreasonable.

We review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release based upon a preponderance of the evidence showing that a defendant has violated a condition of supervised release, and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a).  *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).  The § 3553(a) factors that a court must consider in revoking supervised release include: (1) the nature and circumstances of the offense and the history and characteristic of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide

3

restitution to any victims of the offense.  18 U.S.C. § 3583(e); *see* 18 U.S.C.

§§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

The weight to be given to any § 3553(a) factor is a matter committed to the

sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743

(11th Cir. 2007).  Further, because the Guidelines have always been advisory for

revocation sentences, only some indication that the district court was aware of, and

considered, the Guidelines is necessary.  *United States v. Campbell*, 473 F.3d

1345, 1349 (11th Cir. 2007).  Although we do not apply a presumption of

reasonableness for sentences falling within the guidelines range, "ordinarily we

would expect a sentence within the Guidelines range to be reasonable."  *United*

*States v. Talley*, 431 F.3d 784, 787-88 (11th Cir. 2005).

Farahkan's sentence of 18 months sentence represents a six-months'

downward variance from his applicable Guideline range.  *See id*.  Although the

district court did not discuss each individual § 3553(a) factor, it expressly stated

that it did consider the factors, which was sufficient to indicate that the court had

considered the Guidelines.  *See Talley*, 431 F.3d at 786; *Campbell*, 473 F.3d

at 1349.  Farahkan essentially argues that more weight should have been given to

certain factors, but the weight to be given to each factor is a matter committed to

the court's discretion.  *See Clay*, 483 F.3d at 743.  While he did complete several

years of supervised release, he committed multiple violations of the terms of his

4

supervised release during that time, and his conduct was never curbed by the punishments he received.

AFFIRMED.