[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11133
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00499-RWS-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

J. L. MENEFEE, II,
a.k.a. J.L. Menefee,
a.k.a. JL Menefee,
a.k.a. JL Menefee, II,
a.k.a. James L. Menefee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 6, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

J. L. Menefee appeals his twenty-month revocation sentence imposed by the district court after it revoked his supervised release.[1]  On appeal, Menefee argues the district court's imposition of a twenty-month revocation sentence was procedurally unreasonable because the district court failed to consider the applicable Sentencing Guidelines before it imposed the revocation sentence. Menefee also contends the district court improperly determined that his conduct was a Grade A violation of his supervised release because (1) there was insufficient evidence to conclude that he knew his companion was using a stolen identity and (2) insufficient evidence to prove that the banks involved were federally insured.

Upon review of the record and after consideration of the parties' briefs, we find no reversible error.  Therefore, we affirm Menefee's twenty-month revocation sentence.

---

[1] After completing a custodial term of twenty months' imprisonment for an unrelated offense, Menefee was placed on supervised release, the terms of which required, among other things, Menefee to refrain from committing another federal, state, or local offense.  Menefee's term of supervised release began in 2012.  In 2013, the district court found that Menefee violated the terms and conditions of his of supervised release by engaging in new criminal conduct that included, among other things, conspiracy to commit bank fraud, wire fraud, and aggravated identity theft.

I.

First, we address Menefee's argument that the district court erred by failing to consider the applicable Sentencing Guidelines before it imposed his revocation sentence, resulting in the imposition of a sentence that is procedurally unreasonable.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam).  Where there was no objection to the procedural reasonableness during sentencing, however, we review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  "To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice." *United States v. Gallo-Chamorro*, 48 F.3d 502, 507 (11th Cir. 1995).  If a statement does not clearly inform the district court of the legal basis for the objection, then the issue is not properly preserved. *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).  Since Menefee generally objected in broad terms to, without any legal or factual specificity, the procedural reasonableness of his revocation sentence, his objection was not sufficient to preserve the issue. *See id.* Thus, our review is for plain error only.

Under plain error review, a party must show (1) error, (2) that is plain, and (3) that affects substantial rights. *Vandergrift*, 754 F.3d at 1307.  If all three

3

conditions are met, we may then exercise our discretion to notice a forfeited error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002) (internal quotation marks omitted). Error is not plain unless it is clear or obvious under current law. *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993). The burden is on the defendant to show prejudice by establishing "that the error actually did make a difference." *United States v. Shelton*, 400 F.3d 1325, 1331–32 (11th Cir. 2005) (internal quotation marks omitted). To make this determination, we must decide whether there is a "reasonable probability" that there would have been a different result had the error not occurred. *See id.* at 1332. "A reasonable probability of a different result means a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted).

"[U]pon finding that a defendant violated a condition of supervised release, a district court, after considering factors set forth in [18 U.S.C.] § 3553(a), may . . . revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release." *United States v. White*, 416 F.3d 1313, 1318 (11th Cir. 2005) (per curiam); *see also* § 3583(e)(3). "One of the factors a court *must* consider is the sentencing *range* established by the applicable guidelines or policy statements issued by the Sentencing Commission." *United*

4

*States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (per curiam) (internal quotation marks omitted); *see also* § 3553(a)(4)–(5).  The law does not require the sentencing court to discuss the factors set forth in § 3553(a) or even explicitly state that it has considered those factors.  *See United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam) (noting that we do not "expect the district court in every case to conduct an accounting of every § 3553(a) factor").

"[B]ecause the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, *White*, 416 F.3d at 1318, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines." *Campbell*, 473 F.3d at 1349 (internal quotation marks omitted).  We have found error, however, where the district court never mentioned the Guideline range or the classification of the conduct that violated the terms of supervised release.  *See id.*

While the district court is not required to discuss the Sentencing Guidelines at length, *see Robles*, 408 F.3d at 1328, we acknowledge that, here, the district court gave no indication as to whether it even considered them, *see Campbell*, 473 F.3d at 1349.  We suspect that, the district court, having sentenced Menefee within the advisory range, had the Guidelines in mind; but, since the district court failed to mention them at all, there is no way to confirm our suspicion.  The district court did state that it was leaning towards imposing a twenty-four-month (above the

Guideline range) revocation sentence; but instead, it imposed a twenty-month revocation sentence to avoid exceeding Menefee's original sentence.  This seems to suggest that Menefee's revocation sentence fell within the Guidelines range simply by coincidence.

In any event, even if we were to assume that Menefee has shown error which is plain, he cannot show that such an error affected his substantial rights.  *See Vandergrift*, 754 F.3d at 1307.  Menefee acknowledges, for example, that his revocation sentence of twenty months falls within the applicable Guideline range of fifteen to twenty-one months.  *See* U.S.S.G. § 7B1.4.  Thus, even if the district court failed to consider the Sentencing Guidelines, it nonetheless sentenced Menefee within them.  *See Shelton*, 400 F.3d at 1332 (noting that the error must actually make a difference).  Therefore, we cannot conclude that there is a reasonable probability the result here would have been different had the district court undoubtedly considered the Sentencing Guidelines.  *See id.* (providing that a reasonable probability is one that is "sufficient to undermine confidence in the outcome" (internal quotation marks omitted)).

## II.

Second, we address Menefee's argument that there was insufficient evidence to conclude that he knew that his companion was using a stolen identity.

As noted above, we review a revocation sentence for reasonableness when an objection is preserved, *Sweeting*, 437 F.3d at 1106–07, and for plain error when an objection is not preserved, *Vandergrift*, 754 F.3d at 1307.  "We may affirm the [d]istrict [c]ourt on any basis supported by the record."  *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006).  Since Menefee's argument under this subsection was preserved below, we review it for reasonableness.

At the revocation hearing, the government presented evidence to establish that Menefee went to the car dealership, learned he needed more paperwork, and later returned with a woman who picked out a car, filled out paperwork, and signed as a guarantor for the car loans.  The evidence also showed that the woman used a stolen identity to secure the loans.  As we see it, this evidence strongly suggests that Menefee knew the woman's true identity, and that she was using a false identity on the credit application in order to secure the loans.  *See id*. at 1107 (stating a district court may revoke a term of supervised release when the preponderance of the evidence establishes a defendant violated a condition of supervised release).  Therefore, the district court's conclusion that Menefee knowingly participated in the fraud was not unreasonable.

### III.

Finally, Menefee argues for the first time on appeal that the government did not show that his conduct was a Grade A violation of his supervised release

7

because it failed to establish that the banks involved were federally insured, and, consequently, failed to prove all of the elements of bank fraud.  Menefee contends this is significant because the Guideline range is determined by the grade of the violation, and the grade of the violation is, in turn, determined by whether the offense is punishable by a term of imprisonment that exceeds a certain number of years.  *See* U.S.S.G. § 7B1.1.  Since Menefee failed to preserve this argument below, we review it for plain error only.  *Vandergrift*, 754 F.3d at 1307.

A sentence is procedurally unreasonable where the district court considers an incorrect Guideline range.  *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  "[T]he recommended sentencing range [for a revocation sentence] is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time the defendant originally was sentenced to the term of supervision."  *See Campbell*, 473 F.3d at 1348–49; *see also* U.S.S.G. § 7B1.4.  "[A]t [a] revocation [hearing][,] the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  *See* U.S.S.G. ch. 7, pt. A, introductory. cmt. 3(b).

There are three grades of violations of supervised release.  Grade A violations are for conduct constituting, among other things, "federal, state, or local offense[s] punishable by a term of imprisonment exceeding twenty years."

U.S.S.G. § 7B1.1(a)(1).  Grade B violations are for "conduct constituting . . .

federal, state, or local offense[s] punishable by a term of imprisonment exceeding

one year."  *Id.* § 7B1.1(a)(2).  Finally, Grade C violations are for conduct that

constitutes "(A) a federal, state, or local offense punishable by a term of

imprisonment of one year or less; or (B) a violation of any other condition of

supervision."  *Id.* § 7B1.1(a)(3).  "[T]he grade of the violation does not depend

upon the conduct that is the subject of criminal charges . . . [r]ather, the grade of

the violation is to be based on the defendant's actual conduct."[2]  § 7B1.1 cmt. n.1.

Here, Menefee's alleged participation in bank fraud violated the terms and

conditions of his supervised release.  Under 18 U.S.C. § 1344, a person who

commits bank fraud by obtaining credit from a financial institution by means of

fraudulent representations may be imprisoned for up to thirty years.  Proof that the

financial institution is federally insured has been characterized as both a

jurisdictional prerequisite and a substantive element of the crime.  *See United

States v. Dennis*, 237 F.3d 1295, 1303 (11th Cir. 2001).

We first note that the government was not required to prove beyond a

reasonable doubt that Menefee committed the alleged crime, *United States v.*

---

[2] "Actual conduct" here is Menefee's "breach of trust" under the terms and conditions of his supervised release by committing bank fraud.  *See* U.S.S.G. ch. 7, pt. A, introductory. cmt. 3(b).  The Sentencing Commission intended to avoid sanctioning new criminal conduct (here, the activity by which Menefee violated his supervised release) at revocation proceedings because of "[t]he potential unavailability of information and witnesses necessary for a determination of specific offense characteristics or other guideline adjustments could create questions about the accuracy of factual findings concerning the existence of those factors."  *Id.*

*Taylor*, 931 F.2d 842, 848 (11th Cir. 1991) (per curiam); the government was only required to prove by the preponderance of the evidence that Menefee violated the conditions of his supervised release, *see Sweeting*, 437 F.3d at 1107. Furthermore, Menefee's violation grade is not dependent upon the conduct that is the subject of the underlying criminal charges—that is, fraudulently obtaining credit from a federally insured financial institution; Menefee's violation grade is based only on his "actual conduct." *See* U.S.S.G. § 7B1.1 cmt. n.1. The federally insured status of the banks involved here is the subject of criminal charges, and, therefore, had nothing to do with the classification of Menefee's actual conduct for purposes of determining the grade of his violation.

Consequently, the district court did not commit plain error because it was entitled to consider Menefee's actual conduct to be a Grade A violation of supervised release, regardless of whether the government proved that the banks involved were federally insured.

**AFFIRMED.**