[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 16-11095  ; 16-11097
Non-Argument Calendar
_____

D.C. Docket Nos. 1:98-cr-00040-MP-GRJ-1; 1:99-cr-00038-MP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WHITEHURST,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(January 18, 2017)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

John Whitehurst appeals his 60-month sentence imposed by the district court after revocation of his supervised release resulting from a prior armed bank robbery conviction.  On appeal, Whitehurst argues that the district court plainly erred by finding that home-invasion robbery in Florida is a "crime of violence" under U.S.S.G. § 7B1.1(a)(1)(A)(i).  Whitehurst does not contest that he committed conduct equivalent to a home-invasion robbery.  In Florida, home-invasion robbery is punishable by a maximum sentence exceeding 20 years' imprisonment.  After review of the record, the parties' briefs, and the applicable law, we find that the district court did not plainly err by finding that Whitehurst committed a Grade A violation.

We review *de novo* the legality of a sentence imposed pursuant to revocation of a supervised-release term.  *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007).  However, if a defendant fails to object to an issue at sentencing, this Court reviews it for only plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To establish plain error, a defendant must show: "(1) error, (2) that is plain and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotation and citation omitted).  Error is plain if it is clear or obvious under

existing law. *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993). Lastly, we may affirm for any reason supported by the record. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

A district court may revoke a defendant's supervised-release term and require the defendant to serve an imprisonment term if it finds, by a preponderance of evidence, that he violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). "For sentences imposed upon revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time" of the defendant's original sentencing. *United States v. Campbell*, 473 F.3d 1345, 1348-49 (11th Cir. 2007) (citing U.S.S.G. §§ 7B1.1, 7B1.4). A "Grade A" violation occurs where the violation includes (A) conduct consisting of a federal, state, or local offense punishable by more than one year in prison that is a "crime of violence" or (B) "any other federal, state, or local offense punishable by a term of imprisonment exceeding" 20 years. U.S.S.G. § 7B1.1(a)(1). Importantly, "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding Rather, the grade of violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1. comment n.1.

3

A "home-invasion robbery" is "any robbery that occurs when the offender enters a dwelling with the intent to commit a robbery, and does commit a robbery of the occupants therein." Fla. Stat. § 812.135(1). If the offender carries a firearm or other deadly weapon during the home-invasion robbery, the offense is a felony punishable by a maximum of life imprisonment. *Id.* § 812.135(2)(a).

Distinct from determining sentencing enhancements under the Armed Career Criminal Act, 18 U.S.C. § 924(e), or the career offender guideline, when grading a violation under Chapter 7 of the Sentencing Guidelines, a district court considers the conduct, rather than the conviction. U.S.S.G. § 7B1.1 comment n.1. Here, it is undisputed that Whitehurst committed conduct consistent with a home-invasion robbery. A home-invasion robbery is punishable by life imprisonment. Fla. Stat. § 812.135(2)(a). Accordingly, the district court did not plainly err by finding that Whitehurst committed a Grade A violation of his supervised release.

Lastly, Whitehurst's argument that this Court may not affirm on the basis of U.S.S.G. § 7B1.1(a)(1)(B) because he was not on notice that the district court could make a finding on that alternative ground is unpersuasive. Section 7B1.1(a)(1)(B)'s presence in the Sentencing Guidelines undercuts his argument. Whitehurst's counsel's failure to discover and address this provision does not deprive this Court of its ability to affirm the district court's findings for any reasons supported by the record.

4

**AFFIRMED.**