[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12578
Non-Argument Calendar

_____

D. C. Docket No. 97-00041-CR-02-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 3, 2007)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

In <u>United States v. Jones</u>,[1] we held that after imposing sentence, the district court should elicit fully-articulated objections to the court's findings of fact, conclusions of law, and the manner in which the sentence was imposed. The issue presented here is whether the <u>Jones</u> rule applies to supervised release revocation proceedings. We hold that it does.

## I. BACKGROUND

In 1998, following his guilty plea for possession of stolen mail, Mark Anthony Campbell was sentenced to 33 months imprisonment and 3 years of supervised release. In December 2000, Campbell was released from prison and began serving his supervised release term. In April 2001, the United States Probation Office issued an arrest warrant for Campbell based on a petition to revoke his supervised release, alleging that he had violated his supervised release by, *inter alia*, testing positive for cocaine and committing a state theft offense. At the time of the revocation petition, Campbell was already in state custody on the state theft charge, for which he was convicted and sentenced to five years in state prison. During this time, the Government took no action on the revocation petition.

Upon Campbell's release from state prison on March 7, 2006, he was taken

_____

[1] 899 F.2d 1097 (11th Cir. 1990), <u>overruled on other grounds by</u> <u>United States v. Morrill</u>, 984 F.2d 1136 (11th Cir. 1993).

2

into federal custody based on the petition. During the revocation hearing, Campbell admitted violating his supervised release, but argued that revocation was unwarranted. Quoting the factors set forth in 18 U.S.C. § 3553(a), Campbell argued that although the Sentencing Guidelines ("Guidelines") permitted a sentence of at least 21 months imprisonment, the 5-year delay between the violations and the revocation hearing warranted leniency, and his substantial rehabilitative efforts (for example, completing a drug rehabilitation program and a business course at a technical college while in state prison) had mitigated his past transgressions. The Government countered that a sentence of 24 months imprisonment was appropriate because it was within the Guidelines range and would enable Campbell to continue his rehabilitation.

The district court discussed Campbell's pre-2001 criminal history (based on conduct occurring *before* his 5 years in state prison) and found that the § 3553(a) factor regarding the protection of society warranted a sentence of 24 months imprisonment. After imposing the sentence, the district court informed Campbell of his right to appeal, and asked "Is there anything further?" The Government responded that it had nothing further, while defense counsel requested that the court recommend a drug treatment program.

## II. DISCUSSION

On appeal, Campbell argues that the district court: (1) failed to either consult the Guidelines or to properly calculate Campbell's advisory Guidelines range; (2) imposed an unreasonable sentence in violation of United States v. Booker, 543 U.S. 220, 262, 125 S.Ct. 738, 766 (2005); and (3) failed to elicit objections after imposing sentence as required by United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993). Because the existence of a Jones violation impacts whether and how we review Campbell's other grounds for appeal, we address this issue first.

### A. The Objection-Elicitation Requirement of Jones

Campbell argues that the district court failed to elicit objections after imposing sentence as required by Jones and that this court should vacate and remand for resentencing. The Government argues that Jones is inapplicable to supervised release revocation hearings, the district court nonetheless complied with Jones, and even if it did not, the record is sufficient to enable appellate review of Campbell's other grounds for appeal.

In Jones, this court held that after imposing a sentence, the district court must give the parties an opportunity to object to the court's ultimate findings of

4

fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based. Jones, 899 F.2d at 1102. Under this rule, when a district court fails to elicit objections after imposing a sentence, we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections. Id. at 1103. A remand is unnecessary, however, when the record on appeal is sufficient to enable review. United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991).

This court has applied the Jones rule to a *probation* revocation proceeding. United States v. Milano, 32 F.3d 1499, 1503 (11th Cir. 1994) (holding that there was no Jones violation in a probation revocation hearing where the district court elicited objections), superseded on other grounds by statute, Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat 1796, as recognized in United States v. Cook, 291 F.3d 1297, 1300 n.3 (11th Cir. 2002). And this court has held that probation revocation proceedings are "conceptually the same" as supervised release revocation proceedings. United States v. Frazier, 26 F.3d 110, 113 (11th Cir. 1994); see also United States v. Mitsven, 452 F.3d 1264, 1266 n.1 (11th Cir. 2006) (noting that the analysis of the revocation proceedings relating to probation is "essentially the same" as the analysis of the revocation

5

proceedings relating to supervised release).  Accordingly, we hold that the objection-elicitation requirement of <u>Jones</u> is applicable to supervised release revocation proceedings.

In applying the <u>Jones</u> rule, this court has held that when the district court merely asks if there is "anything further?" or "anything else?" and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated <u>Jones</u>.  <u>United States v. Holloway</u>, 971 F.2d 675, 681 (11th Cir. 1992); <u>United States v. Snyder</u>, 941 F.2d 1427, 1428 (11th Cir. 1991); <u>cf.</u> <u>United States v. Ramsdale</u>, 179 F.3d 1320, 1324 (11th Cir. 1999) (holding that the district court's inquiry of "anything else?" satisfied <u>Jones</u> where defense counsel stated an objection in response, thereby demonstrating that he understood the court to be eliciting objections).  Here, at the conclusion of Campbell's sentencing hearing, the district court informed Campbell of his right to appeal and asked, "Is there anything further?"  In response, neither side raised a "fully articulated objection."  Defense counsel requested the court to recommend drug treatment and the Government said that it had nothing further.  Based on this exchange, there is no indication that defense counsel understood the court to be eliciting objections.  <u>See</u> <u>Snyder</u>, 941 F.2d at 1428.  Therefore, we hold that the district court failed to comply with the procedure announced in <u>Jones</u>.  Moreover,

6

as discussed below, we conclude that the record is insufficient to allow this court to meaningfully review Campbell's remaining grounds for appeal.

B. Calculation and Consideration of the Guidelines Range

Campbell next argues that the district court failed to consider the Guidelines and his advisory sentencing range under the Guidelines. The Government counters that the district court did consider the Guidelines, and that, in any event, Campbell waived this argument on appeal by failing to raise it during the revocation hearing. Because we conclude that the district court violated Jones by failing to elicit objections after imposing the sentence, we conclude that Campbell has not waived this argument, and we consider de novo the legality of his sentence. United States v. Aimufa, 122 F.3d 1376, 1378 (11th Cir. 1997).

In United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005), this court stated that upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). Id. (citing 18 U.S.C. § 3583(e)(3)). "One of the factors a court *must* consider . . . is . . . the sentencing *range* established [by] . . . the applicable guidelines or policy statements issued by the Sentencing Commission." White, 416 F.3d at 1318 (citing18 U.S.C. § 3553(a)(4)) (emphasis added). For sentences imposed upon

7

revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time the defendant originally was sentenced to the term of supervision. U.S.S.G. §§ 7B1.1, 7B1.4. But because the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, White, 416 F.3d at 1318, it is sufficient that there be "some indication" that "the district court was aware of and considered" the Guidelines, United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000), which requires the court to consider "the sentencing *range* established" under the Guidelines. White, 416 F.3d at 1318 (emphasis added).

Here, the district court never explicitly mentioned Campbell's advisory Guidelines range during the revocation hearing.[2] Indeed, the district court never said the word "Guidelines" during the entire hearing. Moreover, although the advisory range is based on, *inter alia*, the classification of the revocation-producing conduct, see U.S.S.G. § 7B1.1, the district court never mentioned the criminal classification of the crime for which Campbell's supervised release was revoked. Hence, we cannot determine from the record whether the district court

---

[2] Although defense counsel briefly mentioned that Campbell's Guidelines range was "21 months and up," and the Government stated that it recommended a sentence of "24 months within the guideline range," the district court *itself* never made any on-the-record conclusion regarding the Guidelines or the applicable sentencing range.

8

considered the "sentencing range" established by the Guidelines or the policy statements issued by the Sentencing Commission.  See White, 416 F.3d at 1318.

C.  Reasonableness of the Sentence

Campbell also argues that because the district court never made an on-the-record consideration of his Guidelines range, this court cannot adequately determine whether the sentence is reasonable under Booker.  He further contends that even if the record enables this court to review the reasonableness of the sentence, the sentence is not reasonable in light of the factors set forth in § 3553(a).

As discussed in White, neither this court nor the Supreme Court has determined in a published opinion that Booker's reasonableness standard applies to sentences imposed upon revocation of supervised release.  White, 416 F.3d at 1319.  But even assuming, without deciding, that Booker's reasonableness standard is applicable, we do not reach the issue of whether Campbell's total sentence is reasonable because the district court failed to make an on-the-record consideration of the Guidelines range.  "Before we conduct a reasonableness review of the ultimate sentence imposed, we first determine whether the district court correctly interpreted and applied the appropriate advisory Guidelines range."  United States v. Martin, 455 F.3d 1227, 1235 (11th Cir. 2006) (citations omitted); see also United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).  Here, however,

we *cannot determine* whether the district court "correctly interpreted and applied the Guidelines to calculate the appropriate advisory Guidelines range" because, as discussed above, the district court never stated the Guidelines range and never even mentioned the word "Guidelines." Accordingly, we do not reach the issue of reasonableness.

### III.  CONCLUSION

For the foregoing reasons, we VACATE Campbell's sentence and REMAND to the district court for resentencing in accordance with Jones and White.