[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13574
Non-Argument Calendar

_____

D. C. Docket No. 99-00078-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZIGMUND MARKEVITZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 14, 2008)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Zigmund Markevitz appeals the district court's imposition of a 24-month

term of incarceration upon revocation of his supervised release, arguing for the first time on appeal that (1) his sentence is unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors; and (2) the court increased his punishment above the Guidelines range based on facts that were not charged in the petition. For the reasons set forth below, we affirm.

## I. BACKGROUND

Markevitz pled guilty to conspiracy to commit mail fraud, 18 U.S.C. § 371, and filing a false currency transaction report, 31 U.S.C. § 5324(a)(2). After his term of supervised release began, Markevitz requested permission to travel to Peru in order to seek medical treatment. On July 18, 2006, a magistrate judge granted Markevitz's request. The magistrate noted that the supervised release was not terminated, and required that Markevitz (1) report to his probation officer monthly by phone, and (2) submit monthly reports, including his current address and updates from his treating physician, to his probation officer by mail.

On February 7, 2007, the U.S. Probation Office petitioned the district court, charging that Markevitz violated the terms of his supervised release by: (1) leaving the judicial district without first securing permission of the probation officer; and (2) failing to submit a truthful and complete written monthly report. The petition set forth the following facts. On August 1, 2006, after he arrived in

Peru, Markevitz reported to his probation officer by telephone. Markevitz reentered the United States on November 27, 2006. On December 5, 2006, Markevitz departed the United States to San Jose, Costa Rica, without first securing permission from either the probation officer or the court. In his monthly reports for December 2006 and January 2007, Markevitz reported his place of residence as Salvador Dali 448, Lima, Peru, when evidence and statements made by representatives of the United States Department of State, Bureau of Diplomatic Security, indicated that this was false. The probation officer recommended that Markevitz's supervision be revoked, and the court issued a warrant for Markevitz's arrest.

Before the hearing, Markevitz admitted that (1) he traveled to Costa Rica without permission from the court or the probation officer; (2) his monthly reports submitted for December 2006, January 2007, and February 2007 contained "incorrect information"; and (3) he resided in Costa Rica from mid-December, 2006 to March 2, 2007.

At the revocation hearing, the district court stated, "The Guidelines are three to nine months. But Probation is recommending a term of imprisonment of 24 months. I can see why they would recommend that."[1] The government noted that

---

[1] Markevitz was assigned a criminal history category of I in the presentence investigation report, and his violation of the condition of his supervision constituted a Grade C violation.

3

on the same day Markevitz was granted permission to travel to Peru, he appeared before the Costa Rican Consulate and applied for residency there. The court described Markevitz as a "chronic violator" of the United States criminal justice system who "lack[ed] all credibility." The court also noted Markevitz's mental health evaluations and diagnoses. After "carefully consider[ing] the statements of the parties and the information contained in the violation report," the district court found that Markevitz "violated the terms and conditions of the supervised release," and it revoked the supervised release. The court then determined that "a sentence within the guideline range is not appropriate" and sentenced Markevitz to 24 months' imprisonment. The court asked Markevitz whether he objected to the court's findings of fact or to the manner in which the sentence was pronounced, and Markevitz replied: "No, Your Honor."

Markevitz argues on appeal that the district court's imposition of an 24-month sentence upon revocation of his supervised release constituted reversible error because there was no evidence presented to support the "increased punishment." More specifically, he argues that the government relied on information used when Markevitz was initially sentenced and did not present any evidence of new crimes. According to Markevitz, any fact relied upon by the court

U.S.S.G. § 7B1.1(a)(3)(B). Therefore, Markevitz's recommended Guidelines range was three to nine months. *See* U.S.S.G. § 7B1.4(a).

to increase his sentence should have been charged in the petition, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Further, Markevitz contends that the court failed to consider the 18 U.S.C. § 3553(a) factors, failed to give any reason for its above-Guidelines sentence, and failed to determine facts under the preponderance of evidence standard. Therefore, Markevitz asserts, his sentence was unreasonable.

## II. STANDARD OF REVIEW

We review a sentence imposed for violating a condition of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

## III. DISCUSSION

The revocation of supervised release is authorized if the district court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). When confronted with such a violation, "[t]he court may, after considering the [3553(a)] factors . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . ." *Id.*

Because both of Markevitz's underlying offenses have a statutory maximum

5

of five years' imprisonment, the offenses are considered Class D felonies. *See* 18 U.S.C. § 3559(a)(4); *see also* 18 U.S.C. § 371; 31 U.S.C. § 5324(a)(2). For a Class D Felony, 18 U.S.C. § 3583(e)(3) authorizes a term of imprisonment upon revocation of not more than two years. *See* 18 U.S.C. § 3583(e)(3). Accordingly, Markevitz's *Apprendi* argument is without merit because his sentence did not exceed the prescribed statutory maximum of two years' imprisonment. *See Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63.

The 24-month sentence that the district court imposed on Markevitz was reasonable because Markevitz admitted to the violations in the probation officer's petition and the court considered the § 3553(a) factors. The district court explicitly noted the recommended Guidelines range of three to nine months, and it considered the § 3553(a) factors, though it did not explicitly mention each of them. For example, the court considered Markevitz's history and characteristics when it discussed his (1) mental health issues, (2) age and medical condition, and (3) lack of respect for the criminal system. Of particular importance to the court was the need for the sentence to deter Markevitz, whom the court deemed a "chronic violator," from further fraudulent behavior. The court indicated that "a sentence within the guideline range [was] not appropriate" because Markevitz had continued to display dishonest behavior while on supervised release, including making false

representations to the court that he required medical treatment in Peru while, at the same time, applying for residency in another country, and "commit[ing] this elaborate, fairly elaborate fraud when it comes to the monthly report."

Furthermore, the court's imposition of an above-Guidelines sentence was reasonable because the Guidelines range was not binding on the court, and the record reflects that the court was aware of and considered the Chapter 7 policy statements. *See United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (per curiam) ("[B]ecause the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing *range* established under the Guidelines.") (internal quotation marks and citations omitted).

## IV.  CONCLUSION

Based upon the foregoing and our review of the record and the parties' briefs, we affirm.

**AFFIRMED.**