[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14499
Non-Argument Calendar

_____

D. C. Docket No. 99-00322-CR-1-SLB-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRY EUGENE NOLAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Barry Eugene Nolan appeals his sentence of imprisonment for 48 months for

violating the terms of his supervised release. We affirm.

## I. BACKGROUND

In 2000, Nolan pleaded guilty to four drug crimes: conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute five grams or more of cocaine base, aiding and abetting the distribution of five grams or more of cocaine base, and aiding and abetting the distribution of cocaine base. 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced Nolan to 110 months of imprisonment followed by 60 months of supervised release. In June 2001, the district court granted Nolan a downward departure to 68 months of imprisonment for his assistance to the government. Two months later, the district court granted Nolan a second downward departure to 55 months of imprisonment.

In May 2008, the government petitioned to revoke Nolan's supervised release. The government alleged that Nolan violated two terms of his release: Nolan was arrested in February 2008 for unlawful distribution of cocaine base and he failed to report that arrest to his probation officer.

At the revocation hearing, Nolan admitted that he had failed to report his arrest. The government introduced testimony from surveillance officers, Nolan's two probation officers, and a video recording to establish that Nolan sold crack cocaine to an undercover agent. Nolan argued that it was a case of mistaken

identity and that his brother, Bradderick Nolan, had sold the drugs to the informant.

The district court found by "more than a preponderance of the evidence" that Nolan had violated his supervised release by distributing cocaine base and had failed to report his arrest to his probation officer and revoked Nolan's supervised release. The district court told Nolan that, "although the Guideline range" was between "30 and 37 months" of imprisonment, Nolan had "gotten breaks" in the past for his cooperation with law enforcement. The court told Nolan that "it look[ed] like" he and his "brother [were] just back" trafficking drugs "full steam ahead just like [they] were the first time," and the court cautioned Nolan that if he did not "make some major changes here, prison [was] where [he was] going to spend the rest of [his] life." The district court stated that it was "inclined to go to the maximum" of five years of imprisonment, but it sentenced Nolan to 48 months of imprisonment based on the statutory factors and the policy statements in chapter 7 of the Guidelines. After the district court imposed the sentence, it inquired if either party had any objections to the findings of fact or the sentence and both parties responded negatively.

## II. STANDARD OF REVIEW

When the district court provides a defendant the opportunity to object to his

3

sentence and he remains "silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal[.]" United States v. Jones, 899 F.2d 1097, 1103 (11th Cir. 1990). We "will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice." Id. We review the reasonableness of a sentence after a revocation of supervised release for abuse of discretion. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam).

### III. DISCUSSION

Nolan challenges his sentence on two grounds. Nolan argues that the district court failed to elicit objections to his sentence and that his sentence is unreasonable. These arguments fail.

The district court inquired whether Nolan and the government had any objections to the sentence in compliance with United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007) (per curiam). Under Campbell, a district court must ask the parties whether they have any objection to the sentence or the manner in which the sentence is imposed. Id. After the district court announced Nolan's sentence, the court asked if either party had "any objection . . . as to the findings of fact, the calculations, the sentence or the manner in which the sentence was pronounced or imposed," then inquired if counsel had "[a]nything for the

4

government" or "[a]nything for the defendant." That inquiry was sufficient under Campbell, and Nolan waived any objection to the findings, calculations, and manner of sentencing.

Nolan's sentence to a term above the advisory guideline range also is reasonable. Nolan argues that the range provided by the Guidelines took into account his drug offense, but the district court was permitted to consider Nolan's criminal activity in weighing the statutory factors. See Gall v. United States, 128 S. Ct. 586, 597 (2007). After the district court calculated the range of punishment and discussed the facts of Nolan's offense and his criminal history, the district court found that a sentence of 48 months of imprisonment was a "deal" for Nolan. See 18 U.S.C. §§ 3583(e), 3553(a); United States Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b); Velasquez Velasquez, 524 F.3d at 1252. The district court did not abuse its discretion.

## IV. CONCLUSION

Nolan's sentence is **AFFIRMED**.