[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12267
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00154-CAP-RGV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LEE CLYBURN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 7, 2015)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Anthony Clyburn appeals his 60-month sentence, imposed for violating conditions of his probation resulting from an earlier conviction for failure to register as a sex offender under 18 U.S.C. § 2250(a). The district court varied his sentence upward from the advisory guideline range of 8 to 14 months.

On appeal, Clyburn argues that the district court abused its discretion by imposing a substantively unreasonable sentence.  He argues that the district court improperly focused on only two factors in imposing the sentence: (1) that Clyburn had weapons near doors, and (2) that he knowingly went around children. He asserts that these factors are not sufficient for varying the sentence substantially above the guideline range. He argues the sentence fails to promote respect for the law or provide personal or societal deterrence. Finally, he argues for the first time in his reply brief that the district court imposed a five-year term of supervised release that exceeded the maximum term available under 18 U.S.C. § 3583.

I

We review the sentence imposed upon the revocation of probation for reasonableness. *See United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam) (discussing revocation of supervised release); *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (per curiam) (noting that "probation revocation proceedings are conceptually the same as supervised release revocation proceedings") (internal quotation marks omitted). When reviewing for

reasonableness, we apply the abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). We examine the sentence's substantive reasonableness under the totality of the circumstances. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). The burden of establishing reasonableness lies with the party challenging the sentence. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Pursuant to 18 U.S.C. § 3565(a), upon finding that the defendant violated a condition of probation, a district court may revoke the term of probation and impose a term of imprisonment after holding a hearing and considering the specific factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.  The factors listed in 18 U.S.C. § 3553(a)(2) include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  Other factors for consideration under § 3553(a) are the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victims.

"A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to

3

an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). We will remand only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

Ordinarily, the authorized term of supervised release for a class C felony is not more than three years. 18 U.S.C. § 3583(b). However, the authorized term of supervised release for a violation of 18 U.S.C. § 2250 is five years to life. 18 U.S.C. § 3583(k).

## II

Clyburn failed to properly raise his claim challenging his term of supervised release because "arguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006). Nevertheless, this claim is meritless. The district court not only could impose a five-year sentence of supervised release, but was required to impose at least that much. *See* 18 U.S.C. § 3583(k).

4

Clyburn has not met his burden of establishing that his sentence is substantively unreasonable in light of the totality of the circumstances and the § 3553(a) factors. Clyburn admitted four of the five charged probation violations, including possession of several knives and nearly 700 rounds of ammunition, as well as repeated unauthorized contact with children. The violations involving children are particularly serious because of the nature of his underlying offense that caused him to be required to register as a sex offender: possession of child pornography.  Further, there was substantial evidence that he was again possessing child pornography, as even the incomplete forensic examination by the government revealed two child pornography images and filenames suggesting further child pornography file-sharing on a computer in Clyburn's possession that was registered using a shortened version of his first name.  The sentence imposed by the district court reflects the concern for public safety and serves as deterrence both for Clyburn in his future conduct and for the public as a whole. As a result, Clyburn's sentence is not a clear error of judgment and not outside the range of reasonable sentences in light of the totality of the circumstances and 3553(a) factors. *See Irey*, 612 F.3d at 1190; *Pugh*, 515 F.3d at 1191.

**AFFIRMED.**

5