[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11475
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00162-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS CABALLERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 10, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alexis Caballero pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

Law enforcement seized computer media from Caballero's home and determined that he knowingly possessed about 74 child pornography videos that he downloaded from the internet. He used a peer-to-peer file sharing program to trade those videos, some of which showed prepubescent minors having sex with adults, while others showed sadistic and masochistic conduct involving minors.

The district court sentenced Caballero to 120 months for the possession offense and 121 months for the distribution offense, to run concurrently, and a life term of supervised release. After it imposed that sentence and several conditions of supervised release, it asked if there were any objections. Counsel for the government asked the court to impose a special condition of supervised release prohibiting Caballero from possessing or using any electronic device capable of accessing the internet without his probation officer's approval.[1] The court imposed that special condition, did not ask for objections a second time, and then addressed

---

[1] The United States Sentencing Guidelines recommend that defendants convicted of sex offenses receive a supervised release condition "limiting the use of a computer or an interactive computer service in cases in which the defendant used such items." United States Sentencing Guidelines § 5D1.3(d)(7)(b) (Nov. 2016). The court mistakenly referred to that special condition as "mandatory," but it is only recommended. Id.

several requests made by Caballero's counsel; Caballero's counsel did not object to the special internet condition.  At the end of the sentence hearing, the court asked if there was "anything further," both parties said there was not, and the hearing ended.

Caballero contends that the imposition of the special condition limiting his internet use was procedurally and constitutionally erroneous.  We do not address those contentions because of our holding in United States v. Jones that sentencing courts must "elicit[ ] fully articulated objections following the imposition of a sentence."  899 F.2d 1097, 1103 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (en banc).  After the court imposed the special internet condition, it did not elicit objections.  Asking Caballero's counsel whether there was "[a]nything further" at the end of the sentence hearing did not cure the Jones error.  See United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007) ("In applying the Jones rule, this court has held that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated Jones.").[2]

---

[2] The government argues that no Jones error occurred because Caballero made several requests after the court imposed the special internet condition (for example, that he be housed close to Fort Myers), which purportedly shows that he knew he could object to the special condition.  See United States v. Ramsdale, 179 F.3d 1320, 1324 n.3 (11th Cir. 1999) (concluding that no Jones error occurred where the "district court asked if there was 'anything else'" after announcing the sentence and the defendant objected, which showed that he "understood the

As a result, Caballero's sentence must be vacated and the case remanded for limited resentencing only on the conditions of his supervised release.  See Jones, 899 F.2d at 1103 ("Where the district court has not elicited fully articulated objections following the imposition of sentence, this court will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections.").

**VACATED AND REMANDED.**

---

district court to be eliciting objections").  But the fact that he made requests is not sufficient to show that Caballero understood that the court was eliciting objections.   See Campbell, 473 F.3d at 1348 (concluding that Jones error occurred where the court asked if there was "anything further" and "[d]efense counsel requested the court to recommend drug treatment," because that exchange did not indicate that "defense counsel understood the court to be eliciting objections").