[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10994
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00040-JES-UAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMAR PEREZ CHAVEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 6, 2020)

Before WILLIAM PRYOR, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Homar Chavez appeals his sentence of 57 months of imprisonment for reentering the United States illegally. 8 U.S.C. § 1326(a), (b)(1). Chavez argues that the district court failed to elicit objections after imposing his sentence as required by *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990). Chavez also argues that his sentence is procedurally and substantively unreasonable and that his sentence is unconstitutional because his maximum statutory sentence was increased based on the fact of a prior conviction that was not proved to a jury beyond a reasonable doubt. We affirm.

The district court erred by failing to elicit objections from Chavez after imposing his sentence, but its statements create a record sufficient to avoid the need to vacate and remand the judgment. The district court neglected "to elicit fully articulated objections, following imposition of sentence, to [its] ultimate findings of fact and conclusions of law." *Id.* at 1102. Instead, the district court asked whether the parties had "anything further to come to [its] attention," which is inadequate under *Jones*. *See United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). Such a limited inquiry ordinarily would require us to "vacate the sentence and remand . . . to give the parties an opportunity to raise and explain their objections." *Jones*, 899 F.2d at 1103. But because the record reflects that the district court considered the Sentencing Guidelines and the statutory sentencing

factors, we can review Chavez's challenges to his sentence. *See Campbell*, 473 F.3d at 1348.

Chavez's sentence is procedurally reasonable. The explanation provided by district court, "though brief, was legally sufficient" to establish that it "considered the parties' arguments and [had] a reasoned basis" for its chosen sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). The district court stated that "a sentence within [Chavez's] established guideline range" was necessary to punish his crime and address "the matters that are appropriate" for sentencing. *See* 18 U.S.C. § 3553. And the district court explained that it was "deny[ing] [Chavez's] request for a variance" and rejecting the request of the government to incarcerate Chavez for 60 months because "a sentence at the low[] end of the guideline range" compensated for his "confusion with respect to [points added to his] criminal history score" for multiple distinct offenses of robbery and provided "adequate punishment and adequate deterrence." *See id.* The district court also made evident that it did not presume that the guidelines range was reasonable when it denied Chavez's request for a downward departure yet continued to "take [his] variance request under advisement."

Chavez's sentence is also substantively reasonable. Chavez left the United States voluntarily in 1995 and was deported in 2013 after serving lengthy sentences for several armed robberies and burglaries. Undeterred, Chavez

reentered the United States illegally and was arrested for aggravated assault with a deadly weapon, carrying a concealed firearm, exhibiting a dangerous weapon, and resisting an officer without violence. Based on that record, the district court reasonably determined that a sentence at the low end of Chavez's recommended guideline range of 57 to 71 months of imprisonment was required to satisfy the statutory purposes of sentencing. *See id.* And Chavez's sentence is well below his maximum statutory sentence of 10 years, which suggests that it is reasonable. *See United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015). The district court also considered Chavez's argument for a downward variance based on his obligations to family members living in the United States and in Mexico and acted reasonably in determining that mitigating factor was outweighed by the nature and circumstances of Chavez's crime, his recidivism, and the need to deter him from committing similar future crimes. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) ("The decision about how much weight to assign a particular sentencing factor is 'committed to the sound discretion of the district court.'"). The district court did not abuse its discretion when it sentenced Chavez to 57 months of imprisonment.

Chavez concedes that his challenge to the constitutionality of his sentence is foreclosed by precedent. In *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that a prior conviction "relevant only to the

4

sentencing of an offender found guilty of the charged crime" does not have to be charged in an indictment or proven beyond a reasonable doubt to a jury, even if it increases the defendant's maximum statutory sentence. *Id.* at 228–47. *Almendarez-Torres* remains the law until overruled by the Supreme Court, and it expressly refused to do so in *Alleyne v. United States*, 570 U.S. 99 (2013). *Id.* at 1260 n.1.

We **AFFIRM** Chavez's sentence.