[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-13597
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00081-GKS-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVAS AURELIEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2021)

Before MARTIN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Marvas Aurelien moves for summary reversal of his 92-month sentence for possessing a firearm and ammunition as a convicted felon.  Aurelien contends that the district court did not give him an opportunity to object after it imposed the sentence, as required by United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on another ground by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993).  The government, in response, concedes that the district court didn't comply with Jones and that we should vacate his sentence and remand to allow Aurelien to object.  Having independently reviewed the record, we agree.

After the district court imposed the 92-month sentence, it asked Aurelien, "[i]s there anything you'd like to state to the [c]ourt now that I have sentenced you?  Anything?"  We've held that similar post-sentencing questions did not comply with Jones.  See United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007) (holding that the district court failed to elicit fully articulated objections and violated Jones where it asked, post-sentence, "[i]s there anything further?" or "anything else?" and neither party responded with objections).

Jones requires that "after imposing a sentence, the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based." Id. at 1347 (citing Jones, 899 F.2d at 1102).  Aurelien did not get his chance to object.  Where "a district

2

court fails to elicit objections after imposing a sentence, we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections." Id. (citing Jones, 899 F.2d at 1103).

That's what we will do here. Because Aurelien is "clearly right as a matter of law" that the district court did not comply with Jones and there is "no substantial question as to the outcome of the case," Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant his motion for summary reversal, vacate his sentence, and remand to give him the opportunity to present his objections.[1]

On remand, Aurelien will be able to object that the district court erred in finding that he was convicted of robbery in 2015 and erred in calculating his offense level based on the erroneous robbery finding. Aurelien also will be able to introduce the state court's January 2021 corrected judgment showing that he was convicted of grand theft, not robbery, in 2015.

**MOTION FOR SUMMARY REVERSAL GRANTED, SENTENCE VACATED, AND REMANDED FOR FURTHER PROCEEDINGS**

---

[1] All other motions are DENIED AS MOOT.

3