[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14792

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NELSON SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00544-TPB-TGW-7

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Nelson Suarez appeals his convictions and sentence for conspiring to possess and for possessing with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a), 70506(a)-(b); 21 U.S.C. § 960(b)(1)(B)(ii); 18 U.S.C. § 2. Suarez argues that the district court lacked jurisdiction to convict him under the Maritime Drug Law Enforcement Act and that the district court failed to elicit objections after imposing his sentence. We affirm.

Suarez argues that the Maritime Drug Act is unconstitutional, but he acknowledges that his arguments are foreclosed by our precedents. Suarez argues that the power of Congress to punish maritime felonies does not extend to drug trafficking offenses that lack a nexus to the United States, but "we have repeatedly held that Congress has the power, under the Felonies Clause, to proscribe drug trafficking on the high seas," *United States v. Campbell*, 743 F.3d 802, 812 (11th Cir. 2014); *see United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir.), *cert. denied*, 141 S. Ct. 814 (2020); *United States v. Cruickshank*, 837 F.3d 1182, 1187–88 (11th Cir. 2016). Suarez also argues that the district court could not exercise jurisdiction over an offense committed aboard a Venezulan vessel without proof of a domestic nexus, but in *Campbell* we held that "the conduct proscribed by the Act need not have a nexus to

the United States because universal and protective principles support its extraterritorial reach," 743 F.3d at 810. We are bound by these precedents "unless and until [they are] overruled by [this Court] sitting *en banc* or by the Supreme Court." *Cruickshank*, 837 F.3d at 1187.

Suarez argues that he was denied an opportunity to object to his sentence, but we disagree. "[A]fter imposing a sentence, the district court must give the parties an opportunity to object to [its] ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based." *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007). We held in *United States v. Ramsdale* that the district court satisfied the objection and elicitation requirement by asking if there was "anything else . . . necessary in this resentencing," and defense counsel responded with an objection, which established that he understood the district court was eliciting objections. 179 F.3d 1320, 1324 & n.3 (11th Cir. 1999).

The record establishes that the district court elicited objections and the parties understood that they could make objections. After the district court announced Suarez's sentence, it asked, "Anything else we need to do on this?" The prosecutor stated that he had "no objection to the sentence" and reminded the district court to advise Suarez of his appellate rights. Defense counsel requested that the district court send Suarez to either "Coleman or McRae" for specific "educational opportunities" and reasserted his

4                    Opinion of the Court                    20-14792

objection to lack of jurisdiction under the Maritime Act "for purposes of appeal." But defense counsel made no objection to the sentence.

Suarez likens his situation to *United States v. Louissant*, where the district court "did not elicit objections at all" when it imposed sentence, announced a recess, and responded "yes" to defense counsel's request to preserve an objection. 558 F. App'x 893, 895 (11th Cir. 2014). But the record establishes that the district court provided Suarez, and he understood that he had, an opportunity to object to his sentence.

We **AFFIRM** Suarez's convictions and sentence.