[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11990

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANTLEY SEYMORE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cr-00111-SPC-MRM-1

_____

————————————

No. 21-11991

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANTLEY SEYMORE,

Defendant-Appellant.

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:12-cr-00058-JES-MRM-1

————————————

Before JORDAN, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Appellant Brantley Seymore, proceeding with counsel, appeals the district court's imposition of his total sentence of 24 months' imprisonment upon revocation of

his supervised release as well as his sentence of 151 months' imprisonment for possessing a substance containing cocaine base with intent to distribute.  He argues that his sentence imposed pursuant to the revocation of his supervised release is procedurally unreasonable because the district court failed to calculate or consider the guideline range for his supervised release violations.  He argues that we should vacate all his sentences pursuant to the court's alleged procedural error, but he does not raise any arguments specifically challenging his sentence of 151 months' imprisonment for possession with intent to distribute.  Having read the parties' briefs and reviewed the record, we affirm the district court's imposition of Seymore's 24 months' sentence following revocation of his supervised release and his 151 months' sentence for his drug offense and remand the case for the limited purpose of correcting the judgment.

## I.

We review a sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  We generally review errors that a defendant did not raise in the district court for plain error, and he must establish that there was a plain error that affected his substantial rights. *Rosales-Mireles v. United States*, ___ U.S. ___, ___, 138 S. Ct. 1897, 1904-05 (2018).  To satisfy the third prong, a defendant generally must show that there is a reasonable probability that the outcome of the proceeding would have been different if the error had not occurred. *Id.*  The burden of showing

the third prong is difficult, and a defendant cannot meet it if the effect of an alleged error is uncertain. *United States v. Rodriguez*, 398 F.3d 1291, 1299-1300 (11th Cir. 2005). The third prong is met upon a showing that the court calculated an incorrect guideline range. *Molina-Martinez v. United States*, 578 U.S. 189, 198-99, 136 S. Ct. 1338, 1345-46 (2016). If those three conditions are met, we exercise our discretion to correct an error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Rosales-Mireles*, ___ U. S. at ___, 138 S. Ct. at 1905. The risk of unnecessary deprivation of liberty resulting from a plain guidelines error undermines the fairness, integrity, and reputation of proceedings. *United States v. Bankston*, 945 F.3d 1316, 1320 (11th Cir. 2019).

## II.

Failing to calculate a defendant's guideline range is a substantial procedural error. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). When a district court imposes a sentence after revoking a defendant's supervised release, it must consider the sentencing range established by the applicable guidelines or policy statement. *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). Because the guidelines have always been advisory for sentences imposed upon revocation of supervised release, the court sufficiently considers the sentencing range if there is some indication that it evaluated the guidelines. *Id.* at 1348-49. In *Campbell*, we held that a district court erred where we could not determine from the record whether it considered the guideline range

21-11990                Opinion of the Court                    5

because it failed to mention the range, the guidelines, or the criminal classification of the defendant's original crime. *Id.* at 1349.

We deem an issue not prominently raised on appeal or raised without supporting arguments and authorities abandoned but can consider the issue *sua sponte* if a forfeiture exception applies and extraordinary circumstances warrant review. *See United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020), *cert. denied*, ___ U. S. ___, 141 S. Ct. 2538 (2021); *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *petition for cert. filed* (U.S. May 17, 2022) (No. 21-1468). An issue raised for the first time in a reply brief is abandoned. *United States v. Durham*, 795 F.3d 1329, 1330-31 (11th Cir. 2015) (*en banc*).

## III.

The record demonstrates that the district court did not plainly err in imposing a 24-month sentence following the revocation of Seymore's supervised release. Because Seymore did not object at the sentencing hearing that the district court failed to calculate his guidelines range, we review the issue under plain error. *See Rosales-Mireles*, ___ U.S. at ___, 138 S. Ct. at 1904-05. We conclude that Seymore has not met his burden of showing plain error.

First, Seymore has not shown an error that was plain. The government asserts and Seymore does not dispute, that the probation officer produced a memorandum calculating a guideline range of 24 to 30 months' imprisonment and concluding that Seymore was charged with a grade A violation and had a criminal history

category of IV.  The sentencing transcript indicates that the district court considered the guidelines and sentencing policy statements after imposing sentence for Seymore's supervised release violations, which provides some indication that it considered the guidelines, as required by *Campbell*.  *See Campbell*, 473 F.3d at 1348-49. The district court also mentioned that it reviewed the advisory guideline range and determined that a sentence at the low end of the guideline range was appropriate, although it did not specify if it was referring to the violation of his supervised release or his new offense, or both.  The district court's imposition of a 24-month sentence for the supervised release violation was at the bottom of the guideline range provided by the probation officer in the memorandum.

Furthermore, Seymore has not shown an effect on his substantial rights because the court imposed a sentence at the bottom of the apparent guideline range, which Seymore does not contest on appeal, and there is no indication that the court was inclined to vary downward.  *See Rodriguez*, 398 F.3d at 1299-1300.  Seymore merely asserts in conclusory fashion that there is a reasonable probability that the district court would have arrived at a different sentence if it had calculated and considered the guideline range.  This does not establish substantial prejudice.  We note that Seymore argues for the first time in his reply brief that the court considered the incorrect guidelines, but he has abandoned that argument by failing to raise it in his initial brief.  *See Durham*, 795 F.3d at 1330-31.  Thus, he has failed to show plain error, and we affirm his

sentence of 24-months' imprisonment for violation of supervised release.

Seymore appeals his 151-month sentence for his drug offense; however, he proffers no argument in his appellate brief challenging this sentence. Therefore, we affirm that sentence as well.

Although we affirm Seymore's sentences, there is a clerical error in his supervised release revocation judgment. We may *sua sponte* raise the issue of a clerical error in a judgment and remand with instructions to correct the error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). His revocation judgment described his first violation as a new criminal activity violating 21 U.S.C. § 841(b)(c). There is no such subsection. *See* 21 U.S.C. § 841(b). The violation was based on the same conduct for which he was charged in an indictment with a violation of § 841(b)(1)(c), which penalizes violations of § 841(a)(1) involving a controlled substance in schedule I or II. *See* § 841(b)(1)(c). Thus, we remand to the district court with instructions to amend the revocation judgment to correct the clerical error.

**AFFIRMED IN PART; REMANDED IN PART**