[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12484

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARQUIS DONNELL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:18-cr-00081-DHB-BKE-1

_____

2                  Opinion of the Court                24-12484

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Marquis Jones appeals his sentence of 12 months' imprisonment following the revocation of his supervised release term. He argues that the district court plainly erred in failing to consider the guidelines range before imposing a sentence. After review, we vacate and remand for resentencing.

## I.    Background

In 2019, Jones pleaded guilty to being a felon in possession of a firearm and received a sentence of 44 months' imprisonment to be followed by 3 years' supervised release. Jones began serving his term of supervised release on March 18, 2022. Between December 2022 and May 2024, Jones violated a total of 16 conditions of his supervised release, and his probation officer moved to revoke Jones's supervised release. Following the December 2022 violations and the April 2023 violations, the district court held two violation hearings but did not revoke Jones's supervised release. At the third violation hearing following the May 2024 violations, after hearing testimony from Jones's probation officer and Jones, the district court found that Jones violated the conditions of his supervised release and revoked his supervised release.

24-12484                Opinion of the Court                3

The district court then sentenced Jones as follows:

Mr. Jones is ordered and remanded to the custody of the United States Marshal.  He will be committed to the Bureau of Prisons for the purpose of imprisonment for the term of 12 months.  All of the remaining terms and conditions and statements of his Judgment and Commitment Order will remain in full force and effect.  However, there will be no term of supervised release to follow.

The court asked if Jones had any objections to the court's findings of fact or the manner in which the sentence was pronounced, and Jones stated he had no objections.  This appeal followed.

## II.    Discussion

Jones argues that the district court erred in failing to consider the relevant guidelines range when imposing his sentence.  The government in turn argues that this claim is subject to plain error review because Jones failed to object below.  The government concedes that the district court failed to consider the guidelines range which it acknowledges was plain error, but it argues that Jones cannot show substantial prejudice because he was sentenced within the applicable guidelines range[1] and the district court had

---

[1] According to the government the applicable guidelines range based on Jones's criminal history and the grade of Jones's violations was 7 to 13 months' imprisonment.  We assume, without deciding, that the government is correct about the applicable guidelines range for purposes of this appeal.

already shown him great leniency and mercy in not revoking his supervised release after the first 12 violations. In other words, according to the government, under the circumstances, there is no reasonable probability that the district court would have imposed a lesser sentence had it considered the guidelines range and the integrity of Jones's sentence was not affected by the error. In reply, Jones asserts that he was prejudiced because he was not given the opportunity to object to the applicable guidelines range and that the error impugns the public reputation of the proceedings. After careful consideration, we agree with Jones.

The district court may, after considering certain factors in 18 U.S.C. § 3553(a), revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *See* 18 U.S.C. § 3583(e)(3). One of the factors the court must consider is "the sentencing range established [by] . . . the applicable guidelines or policy statements issued by the Sentencing Commission." *Id.* §§ 3583(e), 3553(a)(4)(A)(i).

We generally review the "district's court's revocation of supervised release for an abuse of discretion." *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). However, because Jones failed to object below, we review his claim for plain error only. *United States v. Moore*, 22 F.4th 1258, 1264 (11th Cir. 2022). To demonstrate plain error, Jones must show

> (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three

prongs are met, then a court may exercise its discretion to correct the error if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* at 1264–65.  For an error to affect substantial rights, it must have been prejudicial, meaning "the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different."  *Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018) (quotations omitted).  To satisfy the fourth prong, a court must find that the error seriously affected a judicial proceeding on "a case specific and fact intensive basis." *Puckett v. United States*, 556 U.S. 129, 142 (2009).

Here, there is no indication that the district court considered the sentencing guidelines prior to imposing Jones's sentence.  The district court did not mention the guidelines at sentencing. Further, there is no guidelines calculation elsewhere in the record. Given the lack of evidence in the record related to the guidelines, we cannot say that the district court considered or was even aware of the relevant guidelines range, which constitutes a significant procedural error.  *See United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (holding that the district court must give "some indication that [it] was aware of and considered the Guidelines" and remanding for resentencing where the district court never stated the guidelines range or mentioned the word guidelines during the revocation hearing (quotations omitted)); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that a district court's

failure to calculate the sentencing guidelines range constitutes "significant procedural error").

Furthermore, under the particular circumstances of this case, we agree with Jones that the error affected his substantial rights. Because the district court did not discuss the relevant guidelines range, Jones did not have an opportunity to object to the range or otherwise argue that a different sentence was appropriate. *See Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). Moreover, we conclude that this error affected the fairness and integrity of the judicial proceeding. *See Rosales-Mireles*, 585 U.S. at 145 (explaining that "[i]n the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings"). Accordingly, we vacate Jones's sentence, and we remand for resentencing.

**VACATED AND REMANDED.**