[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10377

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT NOONAN LOONEY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:10-cr-00261-TFM-N-1

_____

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Robert Noonan Looney, Jr. appeals his sentence of 60 months' imprisonment after the District Court revoked his supervised release. Looney argues that the District Court's sentencing is procedurally and substantively unreasonable. We disagree.

## I.    Background

Looney was originally convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. He was sentenced to imprisonment for 120 months followed by eight years of supervised release. Looney's supervised release began in April 2020. In December 2020, after being charged with driving under the influence, the District Court revoked Looney's supervised release and sentenced him to thirty-six months imprisonment followed by twenty-four months of supervised release. He began his second term of supervised release in April 2023.

In January 2024, Looney was charged again with driving under the influence as well as reckless driving. He was released on bond the same day. Yet, he did not contact his probation officer to report his arrest or his contact with law enforcement. Looney's probation officer filed a petition seeking a warrant for his arrest and recommending the revocation of his supervised release. The petition alleged that Looney had violated three conditions for his release: (1) excessive alcohol consumption, (2) failure to report contact with law enforcement within seventy-two hours, and (3) DUI

/ reckless endangerment. The warrant was issued, and Looney was subsequently arrested.

On January 31, 2024, Looney appeared before the District Court with appointed counsel. He waived his right to a revocation hearing and admitted to having committed the three violations specified in the petition. Nevertheless, Looney's counsel asked the District Court either to hold Looney's sentence in abatement to allow him to undergo drug rehabilitation or to impose a sentence of no more than 24 months imprisonment. Looney himself asked the District Court "for a just sentence."

The District Court found that Looney had violated the conditions of his supervised release and revoked it. The District Court explained that it had considered the supervised-release violation provisions of the Sentencing Guidelines, but it did not "believe that they [we]re appropriate in this matter" because of Looney's "continuous involvement in driving under the influence." The District Court sentenced Looney to sixty months imprisonment followed by twelve months of supervised release. Finally, the District Court elicited objections from Looney's counsel, who voiced none.

Looney timely appeals. His counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a motion to withdraw. This Court denied that motion and directed briefing of "two issues of arguable merit: Whether the sentence is substantively unreasonable, and whether the district court plainly erred when it failed to calculate Looney's guideline range during the revocation hearing."

## II.    Discussion

"We review the sentence imposed [by the District Court] upon the revocation of supervised release for reasonableness." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). This is a two-step process, under which we must assess "whether the district court committed any significant procedural error and . . . whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Looney now challenges the reasonableness of his sentence on both procedural and substantive grounds.

### A.  Procedural Reasonableness

First, procedural unreasonableness. At his sentencing, Looney did not object to the District Court's procedures, so we review for plain error. *See United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024). Under plain-error review, Looney "must establish (1) that the district court erred; (2) that the error was plain; and (3) that the error affect[ed his] substantial rights." *Id.* (citation and internal quotation marks omitted). If these three conditions are met, he must then show that "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Looney argues that the District Court plainly erred by failing to consider a specific Guidelines range and to explain its reasons for departing from that range when it imposed his sentence. Before imposing a sentence upon revocation of supervised release, a district court must consider the sentencing range established under

24-10377               Opinion of the Court                5

Chapter Seven of the Guidelines. *See United States v. Campbell*, 473 F.3d 1345, 1348–49 (11th Cir. 2007); 18 U.S.C. § 3553(e). However, "because the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing *range* established under the Guidelines." *Id.* at 1349 (citations and internal quotation marks omitted).

Here, the District Court said that it had "considered the Chapter 7 provisions" of the Guidelines and found them to be inappropriate because of Looney's "continuous involvement in driving under the influence." This indicates that the District Court considered the applicable Guidelines range and explained why a sentence exceeding that range was proper. *Cf. Campbell*, 473 F.3d at 1349 n.2 (explaining that the record was insufficient to determine the procedural reasonableness of a sentence because the district court "never made any on-the-record conclusion regarding the Guidelines *or* the applicable sentencing range" (emphasis added)). The District Court did not plainly err.

### B. *Substantive Reasonableness*

Second, substantive reasonableness. Although we directed Looney to address whether his sentence is substantively unreasonable, he asserts in his initial brief that he is unable to make any such arguments because of the record's purported inadequacies, which he argues are a result of his sentence's procedural

unreasonableness. It was only when he filed his reply brief that Looney advanced any argument as to why his sentence is substantively unreasonable.

"Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009). Because Looney makes no argument as to why his sentence is substantively unreasonable in his initial brief, we consider the issue abandoned.

Even if Looney had not abandoned this issue, his argument would still fail. The District Court sufficiently considered the relevant sentencing factors under 18 U.S.C. § 3553(a), including the danger to public safety posed by Looney's "continuous involvement in driving under the influence. *Cf. United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) ("A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc))). Under the totality of the circumstances, *see Irey*, 612 F.3d at 1189, Looney's sentence is substantively reasonable.

### III.    Conclusion

For these reasons, Looney has failed to show that the District Court erred by imposing a procedurally or substantively unreasonable sentence. We affirm.

24-10377                Opinion of the Court                7

**AFFIRMED.**