[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10309
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00383-ODE-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD STOKLEY,
a.k.a. Big Pat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 15, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Bernard Stokley appeals his 20-month sentence, imposed after his supervised release was revoked.  On appeal, Stokley argues that his sentence was procedurally unreasonable because the district court did not explicitly state his guidelines range or consider the 18 U.S.C. § 3533(a) factors when imposing sentence.  He also argues that his sentence was substantively unreasonable.

We review for an abuse of discretion the reasonableness of a district court's sentence imposed upon revocation of supervised release.  *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).  When a defendant fails to preserve a legal issue at sentencing, we review that issue for plain error.  *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).  Under plain error review, the defendant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  *United States v. Olano*, 507 U.S. 725, 732–35 (1993); *see also United States v. Dortch*, 696 F.3d 1104, 1114 (11th Cir. 2012) (stating that an error is not plain unless it is obvious or clear under current law).  When these factors are met, we may exercise our discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 736 (quotations and alteration omitted).  "In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings."  *Rosales-Mireles v. United States*, No. 16-

2

9493, manuscript op. at 15 (U.S. Jun. 18, 2018).  An objection is not properly preserved if it is not clear enough to inform the district court of its legal basis. *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).

If a defendant violates a condition of his supervised release, the district court may, after considering certain factors in § 3553(a), revoke his supervised release and impose a prison term.  18 U.S.C. § 3583(e)(3).  Revocation is mandatory when a defendant possessed a controlled substance in violation of the conditions of his supervised release.  18 U.S.C. § 3583(g).

In *United States v. Campbell*, a district court revoked a defendant's supervised release and imposed a 24-month sentence.  473 F.3d 1345, 1347 (11th Cir. 2007).  At the revocation hearing, the defendant had noted that the Sentencing Guidelines permitted a sentence of at least 21 months' imprisonment.  *Id.*  On appeal, we noted that "[o]ne of the [§ 3553(a)] factors a court *must* consider is the sentencing *range* established by the applicable guidelines or policy statements issued by the Sentencing Commission," although the record only need provide "some indication that the district court was aware of and considered the Guidelines."  *Id.* at 1348–49 (emphasis in original) (ellipses and quotations omitted).  We noted that the district court never: (1) explicitly mentioned the defendant's guidelines range; (2) said the word "Guidelines" during the hearing; or (3) mentioned the criminal classification of the crime for which the defendants

3

supervised release was revoked, and upon which the advisory guidelines range was based. *Id.* at 1349.  Accordingly, we concluded that the record was insufficient to determine whether the district court had considered the guidelines range.  *Id.*

As a preliminary matter, Stokley's objection at sentencing was "not clear enough to inform the district court of the legal basis for the objection," and so we review for plain error. *Massey*, 443 F.3d at 819. We first note that the pre-sentence investigation ("PSI") set out the guidelines range of twelve to eighteen months. At the hearing, the government stated that it was recommending a sentence of twelve months, explicitly noting that it was the low end of the guidelines range, to which the district court responded, "what is the reason for the low end of the guideline range?" This indicates the district court's awareness that the guidelines range, at the low end, was twelve months.

Additionally, the district court expressly said "I looked in the presentence report," which included a statement that the guidelines range was twelve to eighteen months. Moreover, the district court noted other information which was apparently derived from the PSI, bolstering the probability that the district court had, in fact, read and considered the PSI and was thus aware of the guidelines range of twelve to eighteen months. This confluence of factors provides "some indication that the district court was aware of and considered the Guidelines." *Campbell*, 473 F.3d at 1348–49. Because the record provides some indication that

the district court considered the Guidelines, we cannot say that the district court erred. Thus, we reject Stokley's argument that his sentence was procedurally unreasonable. We also readily reject Stokley's argument that his sentence was substantively unreasonable.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**