[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10987

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DELBERT J. BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00057-BJD-PDB-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Delbert Baker appeals his sentence of 41 months' imprisonment for bank fraud in violation of 18 U.S.C. § 1344. He first argues that the district court erred by failing to elicit objections after his sentence was finalized because the forfeiture component of his sentence was not completed before the sentencing hearing. Second, Baker contends that the district court erred by failing to adhere to the rules governing forfeiture in Federal Rule of Criminal Procedure 32.2. Third, he asserts that the district court erred by not limiting his forfeiture to the amount of proceeds he obtained from the fraud. Fourth, he argues that the district court erred by imposing a forfeiture money judgment or order without statutory authorization. Finally, he contends that the district court erred by not submitting the question of the amount of proceeds he obtained to a jury. We address these arguments in turn.

## I.

We review *de novo* constitutional challenges to forfeiture and a court's legal conclusions regarding forfeiture and review findings of fact for clear error. *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003); *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). We review errors that were not raised in the district court for plain error, and the appellant must establish that there was (1) an error (2) that was plain and (3) that affected his

substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). To satisfy the third prong, a defendant generally must show that there is a reasonable probability that the outcome of the proceeding would have been different if the error had not occurred. *Id.* If those three conditions are met, we exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1905. However, if a district court fails to elicit sufficient objections after imposing a sentence, we review related claims for preserved error, reviewing the legality of the sentence *de novo*. *See United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007).

After imposing a sentence, a district court "must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced." *Id.* at 1347. If a court fails to do so, we normally vacate the sentence and remand the case to the court to give the parties an opportunity to present their objections. *Id.* "A remand is unnecessary, however, when the record on appeal is sufficient to enable review." *Id.* One indication that the record is insufficient is that the defendant failed to raise the relevant objections to the presentence investigation report or the sentence. *United States v. Holloway*, 971 F.2d 675, 681 (11th Cir. 1992). The two purposes of this rule are to guide appellate review and permit the court to correct errors itself. *See United States v. Hernandez*, 160 F.3d 661, 666 (11th Cir. 1998).

Forfeiture is a part of a sentence. *Libretti v. United States*, 516 U.S. 29, 42 (1995). As soon as practical after a guilty plea, the court must determine what property is subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1)(A). "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id.* "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." *Id.* If the forfeiture determined by the court is contested, the court must hold a hearing after the guilty plea on either party's request. Fed. R. Crim. P. 32.2(b)(1)(B). If the court finds that property is subject to forfeiture, it must, in advance of sentencing unless doing so is impractical, "enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2). The preliminary forfeiture order becomes final at sentencing.    Fed. R. Crim. P. 32.2(b)(4)(A).

Forfeiture is part of a defendant's sentence, and here the district court failed to follow the rules governing forfeiture and did not finalize forfeiture until after the sentencing hearing. *See Libretti*, 516 U.S. at 42; Fed. R. Crim. P. 32.2. Thus, the sentence was not fully imposed, and the district court could not sufficiently elicit objections at the hearing. *Campbell*, 473 F.3d at 1347. However, the record is sufficient for us to review the issues Baker raises *de*

*novo* except Issue III, which we remand to the district court. *See id.* at 1347–48.

## II.

The court must order forfeiture of substitute property up to the value of property constituting, or derived from, proceeds obtained directly or indirectly from an offense if that property cannot be located, has been transferred to a third party, has been placed beyond the jurisdiction of the court, or has been commingled with other property. 21 U.S.C. § 853(a), (p).

Harmless error applies in the forfeiture context. *United States v. Farias*, 836 F.3d 1315, 1330 (11th Cir. 2016). In *Farias*, we held that the failure to enter a preliminary forfeiture order was harmless error because: (1) Farias had notice that the government would seek forfeiture from the indictments, the trial, and the sentencing hearing; and (2) Farias argued at the trial that his forfeiture should be limited, to the extent forfeiture was appropriate, to his actual profit, the amount the court ultimately imposed. *Id.* at 1323, 1330.

We conclude that the record is sufficient to review this issue. The district court failed to follow the procedure required by Rule 32.2 prior to the sentencing hearing and did not enter its final forfeiture order until after the hearing. However, this error was harmless because, separate from the possibly excessive forfeiture resulting from the Issue III error discussed below in Section III, Baker had ample notice of the type and scope of forfeiture the

6                     Opinion of the Court                    20-10987

government sought, and the court eventually entered a final forfeiture order consistent with that notice. *See Farias*, 836 F.3d at 1323, 1330. We therefore affirm as to this issue.

## III.

Under 18 U.S.C. § 982(a)(2), a court shall order a defendant to forfeit any property constituting, or derived from, proceeds a defendant obtained directly or indirectly, as the result of bank fraud. Forfeiture of property under § 982 is governed by 21 U.S.C. § 853. § 982(b)(1). Section 853(a)(1) limits forfeitable proceeds to those obtained directly or indirectly by the defendant as the result of the relevant crime. § 853(a)(1).

In *Honeycutt v. United States*, 137 S. Ct. 1626, 1630 (2017), the Supreme Court considered whether a defendant could be held jointly and severally liable for property, pursuant to § 853, that his co-conspirator derived from the crime but that the defendant himself did not acquire. The Court held that § 853(a) limited forfeiture to property the defendant obtained. *Id.* at 1633. The Court reasoned that a marijuana mastermind would obtain money if he received payments directly from drug purchasers or arranged to have purchasers pay an intermediary. *Id.* We have since applied *Honeycutt* to other forfeiture statutes such as 18 U.S.C. § 982(a)(7), in part, because § 982 provides that forfeiture of property under § 982 was governed by § 853. *United States v. Elbeblawy*, 899 F.3d 925, 941 (11th Cir. 2018). On the other hand, in *United States v. Cingari*, 952 F.3d 1301, 1305–06 (11th Cir. 2020), we distinguished *Honeycutt* and refused to hold that a court plainly erred by finding

20-10987               Opinion of the Court                    7

Cingari jointly and severally liable with his spouse where he and his spouse jointly operated a fraudulent business.

Here, we conclude that the record is insufficient to review this issue. Neither party raised objections on this issue. *See Holloway*, 971 F.2d at 681. Moreover, neither the district court nor the parties discussed *Honeycutt* or evaluated whether Baker obtained $350,000 in proceeds in light of the $400,000 established loss amount and undisputed evidence that Baker generally split the proceeds equally with a co-conspirator bank account holder each time he committed fraud. *See Campbell*, 473 F.3d at 1347. We therefore remand this issue to the district court with instructions to hear arguments from the parties on this issue.

## IV.

Criminal forfeiture acts *in personam* as a punishment against a person convicted of a crime. *Elbeblawy*, 899 F.3d at 940. The proceeds of the crime are the defendant's interest in property and can be forfeited in an *in personam* proceeding in a criminal case. *Id.* Courts can impose forfeiture of cash proceeds resulting from a crime by a money judgment or order. *United States v. Waked Hatum*, 969 F.3d 1156, 1163–64 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 72 (2021).

Here, we conclude the record is sufficient to show that the court did not err. Courts can impose forfeiture of cash proceeds by a money judgment or order in an *in personam* proceeding against a defendant. *Id.*; *Elbeblawy*, 899 F.3d at 940. And because Baker's

arguments here are foreclosed by our precedent, we affirm as to this issue.

## V.

Generally, facts that increase the penalty for criminal conduct must be submitted to a jury and proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013).  However, the Sixth Amendment does not protect a right to a jury verdict on forfeitability. *Elbeblawy*, 899 F.3d at 941; *Libretti*, 516 U.S. at 49.

Here, we conclude that the record is sufficient to show that there was no Sixth Amendment violation.  Even though facts underlying forfeiture increase the penalty for a crime, the Sixth Amendment does not require those facts to be submitted to a jury. *See Elbeblawy*, 899 F.3d at 941; *Libretti*, 516 U.S. at 49.  We accordingly affirm as to this issue.

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**