[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10869

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KARAM MUZAHEM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00028-TFM-1

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Karam Muzahem appeals the district court's order revoking his supervised release and sentencing him to eighteen months' imprisonment. Muzahem argues that the district court abused its discretion when it revoked his supervised release on the ground that he had violated Alabama state law by committing first-degree sexual abuse, Ala. Code § 13A-6-66(a)(1). He asserts that the government failed to establish at the revocation hearing that his actions constituted "forcible compulsion" under Alabama law.[1] After careful review, we affirm.

## I.

Previously, Muzahem pleaded guilty to federal charges in the Northern District of Florida. After his release, Muzahem moved to Alabama, and his supervised release was transferred to

---

[1] In his brief, Muzahem cursorily states that the district court did not specify which guideline was used when it announced the revocation. Muzahem only references a long block quote from our court's decision in *United States v. Campbell*, 473 F.3d 1345, 1348–49 (11th Cir. 2007). The government argues that Muzahem abandoned this argument because he did not explain his position with any reasoning. We agree and find that Muzahem has abandoned that argument. *See United States v. Harding*, 104 F.4th 1291, 1300 (11th Cir. 2024) ("A party abandons an issue when he 'makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.'" (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)).

the Southern District of Alabama.  In September 2023, Muzahem was indicted in Alabama state court and charged with sexual abuse in the first degree, in violation of Alabama Code § 13A-6-66(a)(1). That charge stemmed from an interview between Muzahem and a 20-year-old woman identified as A.E.  A.E. interviewed for a position at a smoke shop owned by Muzahem in Mobile, Alabama. Muzahem interviewed A.E.  in the back-office area with the door closed.  The interview began with normal questions, such as A.E.'s work experience and availability.  Muzahem then asked about A.E.'s tattoos and asked her to stand up so he could see the ones on her arms.  As A.E. stood up, Muzahem pulled her close to him, causing her belt to come undone.  Muzahem then pulled A.E.'s pants down so that he could see the tattoos on her legs and rubbed A.E.'s butt.  A.E. managed to pull away and redirect the conversation.  At later points in the interview, Muzahem sat next to A.E., forcibly pulled her toward him, repeatedly groped her inner thighs, and put his finger in her mouth.  A.E. testified that she was worried if she left abruptly, Muzahem would chase her to her car.  Ultimately, A.E. made up an excuse to leave.  Before she left, Muzahem grabbed A.E. by her wrists and demanded a hug.  During that hug, Muzahem smelled A.E., shook unnaturally, and rubbed on her.  After this encounter, A.E. filed a police report.

The U.S. Probation Office in the Southern District of Alabama filed a petition to revoke Muzahem's supervised release.  The district court held a revocation hearing where A.E. testified about the encounter.  Muzahem also presented witnesses, including an air conditioning repairman who was working at the shop during

interview and said that he did not hear or see anything out of the ordinary. The court found A.E. to be credible, and that the allegations from the petition were sustained—in other words, that the government established that Muzahem committed first-degree sexual abuse under Alabama law by a preponderance of the evidence. The court revoked Muzahem's supervised release and sentenced him to eighteen months' imprisonment.[2] Muzahem timely appealed.

## II.

We review a district court's conclusion that a defendant violated the terms of his supervised release for abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994). We give "particularly deferential treatment" to a district court's credibility findings and will "accept them unless no reasonable factfinder could." *United States v. Castaneda*, 997 F.3d 1318, 1325 (11th Cir. 2021).

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that he violated one of the conditions of his supervision. 18 U.S.C. § 3583(e)(3). It is a mandatory condition of supervised release that a defendant "not commit another Federal, State, or local crime during the term of supervision." *Id.* § 3583(d).

---

[2] At the time of his revocation hearing, Muzahem's state charge remained pending in state court.

A person commits the Alabama offense of sexual abuse in the first degree if he "[s]ubjects another person to sexual contact by forcible compulsion." Ala. Code § 13A-6-66(a)(1). Alabama defines "forcible compulsion" as the "[u]se or threatened use, whether express or implied, of physical force, violence, confinement, restraint, physical injury, or death to the threatened person or to another person." *Id.* § 13A-6-60(1).

There was sufficient testimony from A.E. to support that Muzahem's conduct met the statutory definition of "forcible compulsion." Muzahem used express physical force when he grabbed and pulled A.E. toward him in an isolated location—the back-office area. A.E. also testified that she didn't feel like she could safely remove herself from the situation, showing that he confined her to that isolated location. Muzahem also used implied physical force because he was bigger than A.E., all the events took place in an isolated room with the door closed and emergency exit blocked, and he was in a position of authority by being the one conducting an interview. *See id.* § 13A-6-60(1) (listing factors to be considered in determining an implied threat). We also afford "particularly deferential treatment" to the district court's determination that A.E.'s testimony was fully credible. *See Castaneda*, 997 F.3d at 1325.

Thus, the district court did not abuse its discretion by concluding that Muzahem violated the conditions of his supervised release by committing the Alabama offense of first-degree sexual abuse because the government established by a preponderance of

the evidence at the revocation hearing that his actions constituted "forcible compulsion" under Alabama law.

**AFFIRMED.**